## Richmond

## Bruce Anthony Shinault

### v.

## Commonwealth of Virginia

Record No. 840122.

October 12, 1984.

Present: All the Justices.

*Raymond H. Strople (Moody, Strople, Brahm and Lawrence, Ltd.,* on brief), for appellant.

*Wayne T. Halbleib, Assistant Attorney General (Gerald L. Baliles, Attorney General; Walter A. McFarlane, Deputy Attorney General,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In a bench trial, Bruce Anthony Shinault was convicted of driving a motor vehicle while under the influence of alcohol, and was punished as a third offender pursuant to Code § 18.2-270.* In

---

\* § **18.2-270. Penalty for driving while intoxicated; subsequent offense; prior conviction.** — Any person violating any provision of § 18.2-266 shall be guilty of a Class 1 misdemeanor.

Any person convicted of a second offense committed within less than five years after a first offense under § 18.2-266 shall be punishable by a fine of not less than $200 nor more than $1,000 and by confinement in jail for not less than one month nor more than one year. Forty-eight hours of such confinement shall be a mandatory, minimum sentence not subject to suspension by the court. Any person convicted of a second offense committed within a period of five to ten years of a first offense under § 18.2-266 shall be punishable by a fine of

imposing the sentence, the trial court considered, as a prior offense, Shinault's conviction for driving while intoxicated under the laws of North Carolina.

Code § 18.2-270 provides that a conviction under "the laws of any other state substantially similar to the provisions of [Code] §§ 18.2-266 through 18.2-269" (Virginia's driving under the influence statutes) shall be considered a prior conviction. In this appeal, the sole question presented is whether the North Carolina statute is "substantially similar" to the Virginia statute.

The Commonwealth bears the burden of proving that an out-of-state conviction was obtained under laws substantially similar to those of the Commonwealth. *Rufty v. Commonwealth,* 221 Va. 836, 837-38, 275 S.E.2d 584, 585 (1981). Although the two state statutes are similar in many respects, one difference is readily apparent. The North Carolina statute creates a *conclusive* presumption of intoxication when a person's blood alcohol concentration is 0.10 percent or more. N. C. Gen. Stat. 20-138(b) (now repealed and reenacted in substance as § 20-138.1(a)(2)). The Virginia statute, on the other hand, provides that a blood alcohol concentration of 0.10 percent or more merely gives rise to a *rebuttable* presumption that a person is under the influence of alcohol. Code § 18.2-269(3).

The Attorney General argues that when the statutes of the two states are considered in their entirety, each has a general likeness to the other, and, therefore, the North Carolina statute passes the "substantially similar" test. We conclude, however, that the differing effect of the two presumptions on one accused of driving while intoxicated is substantial. In Virginia, an accused

not less than $200 nor more than $1,000 and by confinement in jail for not less than one month nor more than one year. Any person convicted of a third offense or subsequent offense committed within ten years of an offense under § 18.2-266 shall be punishable by a fine of not less than $500 nor more than $1,000 and by confinement in jail for not less than two months nor more than one year. Thirty days of such confinement shall be a mandatory, minimum sentence not subject to suspension by the court if the third or subsequent offense occurs within less than five years. Ten days of such confinement shall be a mandatory, minimum sentence not subject to suspension by the court if the third or subsequent offense occurs within a period of five to ten years of a first offense.

For the purpose of this section a conviction or finding of not innocent in the case of a juvenile under the provisions of § 18.2-266, former § 18.1-54 (formerly § 18-75), the ordinance of any county, city or town in this Commonwealth or the laws of any other state substantially similar to the provisions of §§ 18.2-266 through 18.2-269 of this Code, shall be considered a prior conviction. (Code 1950, § 18.1-58; 1960, c. 358; 1962, c. 302; 1975, cc. 14, 15; 1982, c. 301; 1983, c. 504.)

may present evidence to rebut the presumption, and if such evidence creates a reasonable doubt as to his guilt, the fact finder must acquit. In North Carolina, however, mere proof that an accused's blood alcohol is 0.10 percent is conclusive as to guilt. With such a fundamental difference, we cannot say that the North Carolina statute is "substantially similar" within the meaning of Code § 18.2-270.

We hold, therefore, that the trial court erred when it considered the North Carolina conviction as a prior offense. Accordingly, we will vacate the sentence imposed by the trial court and remand the case for the imposition of a sentence consistent with the views expressed herein.

*Vacated and remanded.*