## CIRCUIT COURT OF ARLINGTON COUNTY

Ricky Battle

v.

Commonwealth of Virginia

August 23, 1988

Case No. (Law) 23951

By JUDGE PAUL F. SHERIDAN

Plaintiff's Motion to Vacate the habitual offender order entered on April 20, 1983, is granted.

When a person is convicted of three or more of the offenses listed in Section 46.1-387.2 of the Code of Virginia, he may, on the motion of the Commonwealth, be adjudged to be a habitual offender. Part (c) of this Statute provides that the offenses available to the Commonwealth shall include, "any law of another state . . . *substantially conforming* . . ." to those offenses listed within the Statute (emphasis added).

Plaintiff contends that North Carolina Statute 20-17.2, upon which rests one of his three convictions, does not substantially conform to its Virginia counterpart, namely Section 18.2-266. With this I agree.

The North Carolina Statute in question provides:

The Department *shall* forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for any of the following offenses when such conviction becomes final: (2) Driving or operating a vehicle within this state while under the influence of intoxicating liquor or

> while under the influence of an impairing drug
> . . . or driving or operating a vehicle within
> this State with a blood alcohol level of 0.10
> percent or more.

The legislature of North Carolina thus made a blood alcohol reading of 0.10 percent or higher *conclusive* of guilt. By way of contrast, the relevant Virginia Statute, Section 18.2-266, provides that there will be a *presumption* of guilt when the accused's blood alcohol reading is 0.10 percent or higher.

These two standards, one being conclusive and the other being presumptive, are not substantially in conformity with one another. *See Shinault v. Commonwealth*, 228 Va. 269 (1984).