**Salem**

MARK E. COX

v.

COMMONWEALTH OF VIRGINIA

No. 1426-90-3

Decided November 26, 1991

Counsel

John S. Hart, Jr. (Law Office of St. Clair & Associates, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from a finding by the trial court that the appellant is an habitual offender under Code § 46.2-351. We hold that the trial court erred in finding that a West Virginia ordinance substantially conforms to provisions of Code § 18.2-266 because it permits convictions for acts which could not be the basis for convictions under Code § 18.2-266.

The Circuit Court of Alleghany County found that the appellant is an habitual offender. This finding was based on a certified abstract from the Virginia Division of Motor Vehicles showing that appellant had one Virginia conviction and two West Virginia convictions for driving while intoxicated. The West Virginia convictions were obtained under a city ordinance of Lewisburg, West Virginia. Records introduced of the West Virginia convictions reflect only that the appellant "did unlawfully operate" an automobile "upon a public street or highway . . . and . . . commit[ted] . . . D.U.I. 1st" in violation of both state statute and local ordinance.

At the hearing, appellant argued that the Lewisburg ordinance did not conform to the Virginia statutes regarding driving while under the influence of alcohol because the Lewisburg ordinance was substantially broader, encompassing additional offenses. The trial court ruled that the Lewisburg ordinance was substantially similar to Virginia Code §§ 18.2-266 and 18.2-269, and declared the appellant an habitual offender.

Copies of the applicable Lewisburg city ordinance were submitted to the trial court and were made a part of the record of this appeal. Article IV of the Lewisburg city code addresses driving while under the influence of alcohol or drugs, reckless driving and related provisions. Certain conduct not described by Code § 18.2-266 is declared unlawful by Article IV of the Lewisburg City Code:[1] (1) driving a vehicle while being an habitual user of any controlled substance; (2) knowingly permitting one's vehicle to be driven by another who is under the influence of alcohol; and (3)

---

[1] Code § 18-85 of the Lewisburg City Code provides in pertinent part:

*Sec. 18-85. Persons driving under influence of alcohol, controlled substances or drugs.*

(a) It is unlawful and punishable as provided in subsection (d) of this section for any person to drive any vehicle in this city while:

(1) He is under the influence of alcohol; or

knowingly permitting one's vehicle to be driven by another who is an habitual user of a controlled substance.

In *Shinault v. Commonwealth*, 228 Va. 269, 321 S.E.2d 652 (1984), the Supreme Court held that two state statutes are not substantially conforming where one, a North Carolina statute, required a conclusive presumption of guilt when the offender possessed a blood-alcohol level of .10, while the other, a Virginia statute, allowed for a rebuttable presumption of guilt under the same circumstances.[2]

The rationale in *Shinault* is instructive. Although two statutes may have "a general likeness" to one another, the effect of the differing presumptions is substantial. Under the North Carolina statute, one would necessarily be guilty of an offense if found to have been driving with a blood-alcohol content of .10. However, under the Virginia statute, one would not necessarily be found guilty of an offense even though having been found to have committed the same act. In other words, if a person may be convicted of an offense under another jurisdiction's statute for conduct

(2) He is *a habitual user of* or under the influence of any controlled substance or he is under the influence of any other drug to a degree which renders him incapable of safely driving; or

(3) He is under the combined influence of alcohol and any controlled substance or any other drug to a degree which renders him incapable of safely driving, and . . .

(c) *It is unlawful* and punishable as provided in subsection (d) of this section *for the owner of any vehicle to knowingly permit his vehicle to be driven in this city by any other person who is under the influence of alcohol, or who is a habitual user* of or under the influence of any controlled substance or who is under the influence of any other drug to a degree of (sic) in the manner set forth in subsection (a) and (b) of this section. (emphasis added).

[2] Unlike the present case which involves punishment as an habitual offender under Virginia Code § 46.2-351, the defendant in *Shinault* was convicted for drunk driving and punished as a third offender under Virginia Code § 18.2-270. Although the decision in *Shinault* addresses a different statutory section, it is nevertheless useful for comparison since the statutory sections are essentially the same. Not only do Code §§ 18.2-270 and 46.2-351 both concern subsequent offenses of and prior convictions for driving while intoxicated, they embody almost identical language with respect to prior convictions in other states. Specifically, Code § 18.2-270 states that "[f]or the purposes of this section a conviction . . . under . . . the laws of any other state *substantially similar* to the provisions of §§ 18.2-266 through 18.2-269 of this Code, shall be considered a prior conviction." Code § 46.2-351 states that "[t]he offenses . . . of this section [which include driving under the influence of intoxicants in violation of § 18.2-266] shall be deemed to include offenses under . . . any law of another state or any valid county, city, or town ordinance of another state *substantially conforming* to the aforesaid state statutory provisions." (emphasis added).

which might not result in a conviction under Code § 18.2-270, the statutes are not "substantially conforming."

Moreover, to allow a conviction in another state to be the basis for a finding that a person is an habitual offender would expand Code § 46.2-351 beyond its stated limits if the conviction in the other state was based on an act which would not be a violation of Code § 18.2-266. The General Assembly expressly designated certain traffic offenses which should be considered in determining if one is an habitual offender. *See* Code § 46.2-351. One of these is driving or operating a motor vehicle while under the influence in violation of Code § 18.2-266. *See* Code § 46.2-351(1)(b). If a conviction in another state is based on conduct which is not a violation of Code § 18.2-266, then to consider it under Code § 46.2-351 would, without authority, expand the scope of the convictions which could be considered beyond that which the General Assembly specifically authorized. Therefore, another state's law permitting a conviction for an act not constituting an offense under Code § 18.2-266 is not substantially conforming under Code § 46.2-351.

This does not mean that another state's law regarding driving while under the influence of intoxicants or drugs must substantially conform in every respect to Code § 18.2-266. Only that prohibition of the other state's law under which the person was convicted must substantially conform.

In this case, the record of appellant's convictions in West Virginia indicates only that he was convicted under a state statute and a city ordinance. This description permits us to conclude only that the appellant committed the offense while operating a motor vehicle. It does not identify the specific provision of the ordinance he violated. Consequently, we must examine the entire statutory prohibition to see if it permits convictions not permitted under Code § 18.2-266.

The Lewisburg city ordinance includes several prohibitions against conduct which would not be violations of Code § 18.2-266; therefore, we are unable to say that the conduct upon which the appellant's convictions were based was that which is not included within the prohibitions of Code § 18.2-266. Thus, for the purposes of determining whether the appellant is an habitual offender, the applicable provisions of the Lewisburg city ordinance are not in this case substantially conforming.

The trial court erred in concluding that the ordinance was substantially conforming and in finding the appellant an habitual offender. The judgment declaring the appellant an habitual offender is reversed and the information filed is dismissed.

*Reversed and dismissed.*

Bray, J., and Elder, J., concurred.