## CIRCUIT COURT OF ACCOMACK COUNTY

Commonwealth of Virginia

v.

Faye S. Irwin

February 16, 1995

Case No. (Law) 94CL170

BY JUDGE GLEN A. TYLER

In this case the Court must decide whether the laws of the State of Maryland substantially conform with the laws of the Commonwealth of Virginia regarding driving under the influence of alcohol for purposes of determining whether the defendant should be declared an habitual offender under Virginia's statutes.

The Commonwealth of Virginia, through its Attorney in the County of Accomack, filed its information setting forth Virginia Department of Motor Vehicles records disclosing a report of convictions in Accomack County, Virginia, in 1988 and 1994 and a report of a third conviction received from the State of Maryland that the defendant "was convicted in that State on 02-08-88 of 'driving while intox, 1st'." The transcript of driver history shows that the defendant was "convicted on 02-08-88 driving while intox, 1st offense date 09-30-87 out of state court: Maryland." As a result of that information, the Court entered an order for defendant to show cause why she should not be declared an habitual offender, and the defendant appeared with counsel in the Circuit Court on February 6, 1995.

Defendant introduced in evidence, without objection by the Commonwealth, the laws of Maryland in effect at the time of defendant's offense and conviction. In pertinent part the laws of Maryland provide that a person may not drive or attempt to drive any vehicle while intoxicated or under the influence of alcohol. The Maryland law also provides, in pertinent part, that "if at the time of testing there was in the person's blood 0.08% or more by weight of alcohol, as determined by an analysis of the

person's blood or breath, it shall be prima facie evidence that the defendant was driving while under the influence of alcohol." At the same time Virginia's law provided that it shall be unlawful for any person to drive or operate any motor vehicle while such person is under the influence of alcohol. And Virginia's law further provides, in pertinent part, that in any prosecution for a violation of such law, that is, driving while such person is under the influence of alcohol, the amount of alcohol in the blood of the accused at the time of the offense "shall give rise to the following rebuttable presumptions . . . if there was at that time in excess of 0.05% but less than 0.10% by weight by volume of alcohol in the accused's blood, such facts shall not give rise to any presumption that the accused was or was not under the influence of alcoholic intoxicants . . . ."

A review of the precedents compels this Court to find that the laws of Maryland and Virginia do not substantially conform as required by paragraph 3 of Va. Code Ann. § 46.2-351.

This Court does not base its decision in this case upon any difference between the words "attempt to drive" in the Maryland law and the word "operate" in Virginia's law. There should be no difference in the interpretation of those words from the point of view of whether or not the statutes are in substantial conformity. The basis for this decision is found in the differences in the statutes of the two States regarding the presumptions as indicated above. However, this opinion does not exclude any other instances of a failure of substantial conformity that may appear in the statutes of the two States that someone else may perceive.

The Supreme Court of Virginia in *Shinault v. Commonwealth*, 228 Va. 269 (1984), decided a similar case regarding the statutes of Virginia and North Carolina. In that case the Court pointed out the difference between a conclusive presumption and a rebuttable presumption regarding blood alcohol concentrations. The Court concluded "that the differing effect of the two presumptions on one accused of driving while intoxicated is substantial." In this case at bar the differing effect of that which is prima facie evidence under the Maryland law from that which raises no presumption under the Virginia law is substantial. As indicated in *Commonwealth v. Ayers*, 17 Va. App. 401 (1993), the Court must "look to the evidence of the two statutes rather than to the offender's conduct . . . ." Maryland's law is more restrictive upon its drivers when they arrive in Court to present their case with respect to how they must present their evidence, and the burden of going forward with the evidence is upon them. The rationale of *Cox v. Commonwealth*, 13 Va. App. 328 (1991), referring to *Shinault* un-

der similar circumstances is helpful; the foreign State requires a prima facie finding while Virginia requires no presumption where the evidence is 0.08% or 0.09% alcohol in the blood.