## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Douglas S. Franklin

June 6, 1995

Case No. (Law) 138491

By Judge Jane Marum Roush

This matter came on to be heard on May 11, 1995, on the Rule to Show Cause issued pursuant to Virginia Code § 46.2-354 directing Douglas S. Franklin to show cause why he should not be adjudged an habitual offender. The defendant challenged the use of his conviction in the General District Court of Prince William County on November 29, 1994, for driving while his license was revoked or suspended in violation of Section 13-254 of the Prince William County Code as one of the three predicate offenses necessary for an adjudication as an habitual offender. At the time of the hearing, the Court asked for briefs from both counsel and took the matter under advisement. The Court has now had the opportunity to review carefully the briefs and arguments of counsel as well as the testimony of Mr. Franklin. For the reasons stated below, the defendant's motion to dismiss will be denied and an order will be entered adjudicating Mr. Franklin an habitual offender.

Mr. Franklin argues that his conviction for driving on a suspended or revoked license in violation of Prince William County Code § 13-254 may not be used as a predicate offense under Virginia Code § 46.2-351 because the county ordinance was "more lenient" than the corollary state code provision at the time of his offense and conviction. Specifically, the de-

fendant argues that, unlike Virginia Code § 46.2-301(A), the county ordinance under which he was convicted did not provide for the impoundment of the offender's motor vehicle for up to ninety days under certain circumstances.

Code § 46.2-301(A), effective July 1, 1994, provides, in pertinent part:

> In addition to any other penalty provided by this section, any motor vehicle administratively impounded or immobilized under the provisions of § 46.2-301.1 may, in the discretion of the court, be impounded or immobilized for an additional period of up to ninety days upon the conviction of an offender for driving while his driver's license, learner's permit, or privilege to drive a motor vehicle has been suspended or revoked (i) for driving while intoxicated in violation of §§ 18.2-266, 46.2-341.24 or a substantially similar ordinance or law in another jurisdiction, or (ii) driving after an adjudication as an habitual offender, where such adjudication was based in whole or part on an alcohol-related offense, or where such person's license has been administratively suspended under the provisions of § 46.2-391.2.

Under Virginia Code § 46.2-351(3), one may be adjudicated an habitual offender based on convictions for offenses "under any valid county, city, or town ordinance paralleling and substantially conforming to the state statutory provisions cited" in §§ 46.2-351(1) and (2). The defendant contends that § 13-254 of the Prince William County Code under which he was convicted is not valid and does not "substantially conform" to the parallel provision of the Virginia Code, Code § 46.2-301, a violation of which may be a predicate offense under the habitual offender statute. *See* Code § 46.2-351(1)(c).

The Defendant relies on *Myers v. Commonwealth*, Record No. 0348-19-4 (Va. App. April 21, 1992), an unpublished opinion of the Virginia Court of Appeals, in support of his argument that the Prince William County ordinance is invalid. In *Myers*, the Virginia Court of Appeals held that a county ordinance under which the defendant was convicted of the offense of driving while intoxicated was not valid because it was more lenient on the repeat offender than the corollary state code provision. The Court of Appeals noted that Virginia Code § 15.1-132 enables localities to adopt ordinances prohibiting driving while intoxicated, but it specifically prohibits localities from establishing "a lesser punishment than that prescribed by general law for a similar offense." *Myers*, at p. 3, *citing* Vir-

ginia Code § 15.1-132. Accordingly, the Court of Appeals held that the county ordinance under which Myers was convicted was not valid because it lessened the penalty for repeat offenders in contravention of Virginia Code § 15.1-132. *Id.* Because the ordinance under which Myers was convicted was not valid, the conviction could not be used as a predicate offense for his adjudication as an habitual offender pursuant to Code § 46.2-351(3). *Id.*

The defendant's reliance on *Myers* is misplaced. The conviction which the defendant now challenges is for driving on a revoked or suspended license, not for driving while intoxicated. The provision of Virginia Code § 15.1-132 that prohibits localities from establishing "a lesser punishment" than that provided by state law is limited to local ordinances "prohibiting the driving of motor vehicles . . . while under the influence of [intoxicants or drugs]." Virginia Code § 15.1-132. In the case of a local ordinance prohibiting driving on a revoked or suspended license such as the Prince William County ordinance under which the defendant was convicted, the penalties "shall not *exceed* those penalties prescribed by general law for like offenses." Virginia Code § 15.1-505 (emphasis added).

The defendant next argues that, even if Prince William Code § 13-524 is valid, it does not "substantially conform" to Virginia Code § 46.2-301 and, therefore, a conviction for a violation of the county ordinance cannot be the basis for an habitual offender adjudication by application of Virginia Code § 46.2-351(3). The defendant cites *Cox v. Commonwealth*, 13 Va. App. 328 (1991), in support of this argument.

In *Cox*, the Court of Appeals held that a local ordinance is not "substantially conform[ing]" if it "permits convictions for acts which could not be the basis for convictions" under the Virginia Code. 13 Va. App. at 329. To be "substantially conforming" the statutes need not agree in all respects. "Only that *prohibition* of the other . . . law under which the person was convicted must substantially conform." *Id.* at 331 (emphasis added). In this case, there is no allegation that the defendant was convicted under a local ordinance that prohibited conduct not prohibited by the parallel state statute. Both Prince William County Code § 13-254 and Virginia Code § 46.2-301 prohibit the exact same conduct: driving after one's license, permit or privilege to drive has been suspended or revoked.

If the Prince William County ordinance permitted *greater* penalties than the corollary state statute, it would be invalid under Code § 15.1-505. If the local ordinance prohibited driving while intoxicated and established *lesser* penalties, it would be invalid under Code § 15.1-132. In this case,

however, the local ordinance under which Mr. Franklin, defendant, was convicted did not relate to driving while intoxicated and it provided for lesser penalties than the parallel state statute. Nothing in Title 15 of the Virginia Code or applicable case law renders the county ordinance in such situations either invalid or not substantially conforming to the state statute such that a conviction under the local ordinance cannot be a predicate offense for an habitual offender adjudication.

For the foregoing reasons, the defendant's motion to dismiss will be denied. An order will be entered adjudicating the defendant an habitual offender and directing the defendant not to operate a motor vehicle on the highways of the Commonwealth of Virginia for a period of ten years until the privilege to do so has been restored.