# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Robert Wayne Lowe

August 25, 1998

Case No. 11460

BY JUDGE THOMAS D. HORNE

This case is before the Court on appeal from the General District Court of Loudoun County. Mr. Lowe contends that he should not be declared a habitual offender pursuant to the provisions of § 46.2-351, Code of Virginia. In support of his position, he asserts that a conviction for driving while intoxicated in the State of Maryland should not be considered as a predicate offense.

A person may be convicted in Maryland of "driving while intoxicated" if he, "drive[s] or attempt[s] to drive *any* vehicle while intoxicated." § 21-902, Annotated Code of Maryland. Counsel for Mr. Lowe has observed that, as interpreted by the Maryland courts, this statute has been applied to sanction the operation of a child's sled while intoxicated. *Richards v. Goff*, 26 Md. App. 344, 338 A.2d 80, *cert. denied*, 276 Md. 743 (1975). In order to be convicted of driving while intoxicated in Virginia, a person must have been found to have been operating a motor vehicle, engine, or train. § 18.2-266, Code of Virginia.

The test to be applied in determining whether the Maryland conviction may be considered by the Court as a building block to a habitual offender declaration is whether it substantially conforms to the provisions of the Virginia statute. § 46.2-351, Code of Virginia. A foreign statute is considered not to be substantially conforming if the person may be convicted under such statute for conduct which does not constitute an offense under § 18.2-266, Code of Virginia. *Cox v. Commonwealth*, 13 Va. App. 328, 330, 331 (1991).

However, it is not necessary that the foreign law conform in every respect to the Virginia statute. It is, "[o]nly that prohibition of the other state's law under which the person was convicted must substantially conform." *Honaker v. Commonwealth*, 19 Va. App. 682, 684 (1995) (authority omitted).

Therefore, it is necessary to review the actual record of conviction in this case to determine whether, based upon that record, the Court may determine the matter of conformity. The Department of Motor Vehicle transcript is entitled to a prima facie presumption that the Department has kept accurate records and made a tentative determination of conformity. *Staup v. Commonwealth*, (Record No. 2897-95-4, Court of Appeals of Virginia, 1996). In *Staup*, the Court of Appeals rejected an individual's assertion that the following charge was lacking in conformity: "DUI (.121) w/accident in violation of West Virginia Code § 17C-5-2." Relying upon its holding in *Honaker, supra*, the Court found the record, when considered with the *prima facie* presumption of conformity, justified the conclusion that the prohibition of the West Virginia law under which Staup was convicted could be considered as a predicate offense.

In both *Honaker* and *Staup*, the Court could determine from the record before it that the specific prohibition of the foreign statute giving rise to the convictions upon which the commissioner relied met the test of conformity. Mr. Lowe's record, as certified by the Commissioner, shows that he was convicted on March 6, 1991, of "driving while intox, 1st." There is nothing to indicate that at that time he was driving a motor vehicle. Unlike the record in *Honaker*, the instant record of conviction does not contain a reference to specifically prohibited conduct which meets the test of substantial conformity. Similarly, the record does not contain sufficient detail to enable the Court to conclude that Mr. Lowe's record of conviction in Maryland, even when read in conjunction with the presumption accorded the Commissioner's transcript, can properly be considered as a predicate offense. As was done in *Cox, supra*, this Court, "must examine the entire statutory prohibition to see if it permits convictions not permitted under Code § 18.2-266." *Cox, supra*, at 331.

When the Court examines the entire statutory prohibition of the Maryland statute, it is readily apparent that the Maryland statute permits convictions not permitted under Code § 18.2-266. Accordingly, the Court finds that Mr. Lowe is not a habitual offender and will direct that the Clerk of this Court so certify same to the Commissioner.