COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Annunziata and Clements
Argued at Alexandria, Virginia


BRUCE COREY, S/K/A
 BRUCE OLIVER COREY
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0421-02-4                  JUDGE JEAN HARRISON CLEMENTS
                                                NOVEMBER 12, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        Alfred D. Swersky, Judge

            Gregory Beckwith (Thomas C. Carter; Phillips, Beckwith, Hall &
            Chase; Carter & Kramer, P.C., on briefs), for appellant.

            Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Bruce Oliver Corey was convicted on his conditional plea of guilty of driving while

intoxicated, in violation of Code § 18.2-266.  Finding Corey's earlier federal conviction for driving

while intoxicated was a proper predicate offense for enhancement purposes, the trial court imposed

an enhanced sentence upon Corey in accordance with Code § 18.2-270(C).  On appeal, Corey

contends the trial court erred in using his prior federal conviction for driving while intoxicated to

enhance his sentence because the federal regulation he violated was not "substantially similar" to

Code § 18.2-266, as required by Code § 18.2-270(E).  We agree and, therefore, reverse the

judgment of the trial court, vacate the sentence imposed, and remand for resentencing.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

The relevant facts are not in dispute. On January 12, 1995, Corey was convicted in the United States District Court for the Eastern District of Virginia, Alexandria Division, of driving while intoxicated, in violation of 36 C.F.R. § 4.23(a)(2). On July 14, 1997, Corey was convicted in the General District Court of Fairfax County of driving while intoxicated, in violation of Fairfax County Code § 82-1-6, which adopts and incorporates Code § 18.2-266 by reference.[1]

On December 27, 2000, Corey was stopped by Alexandria Police Officer B. Sixsmith and charged with, *inter alia*, driving while intoxicated, third offense, in violation of Code §§ 18.2-266 and 18.2-270.[2]

While awaiting trial on that charge, Corey filed a motion for a declaration by the trial court that his 1995 federal conviction for driving while intoxicated could not be used to enhance his punishment in the present case under Code § 18.2-270(C) because 36 C.F.R. § 4.23(a)(2) was not "substantially similar" to Code § 18.2-266, as required by Code § 18.2-270(E). After briefing and argument, the trial court issued a letter opinion on August 15, 2001, rejecting Corey's argument.

Corey then entered a conditional guilty plea reserving the right to appeal the trial court's decision. By order entered November 29, 2001, the trial court convicted Corey on his guilty plea of driving while intoxicated, in violation of Code § 18.2-266, his third such offense within ten years,

---

[1] Corey raises no challenge in connection with this conviction on appeal.

[2] Corey concedes on appeal that the factual basis proffered by the Commonwealth for his conditional plea of guilty was sufficient to convict him of driving while intoxicated, in violation of Code § 18.2-266.

and sentenced him in accordance with Code § 18.2-270(C) to twelve months in jail, with all but ten days suspended.

This appeal followed.

## II. ANALYSIS

On appeal, Corey contends, as he did below, that the trial court improperly used his 1995 federal conviction for driving while intoxicated to elevate his conviction for sentencing purposes to a felony offense pursuant to Code § 18.2-270(C). Corey argues that 36 C.F.R. § 4.23(a)(2) is not "substantially similar" to the provisions of Code § 18.2-266, as required by Code § 18.2-270(E), because the federal drunk-driving statute criminalizes conduct that Virginia's drunk-driving statute does not. Thus, Corey concludes, his federal conviction was not a proper predicate offense for enhancement purposes, and, consequently, he should have been sentenced in this case pursuant to Code § 18.2-270(B) for a misdemeanor conviction of driving while intoxicated, second offense within five years. We agree.

Code § 18.2-270(C) is a recidivist statute that, *inter alia*, enhances the sentence of a defendant "convicted of three or more [driving while intoxicated] offenses [under Code] § 18.2-266 committed within a ten-year period" by elevating the "conviction of the third offense" from a misdemeanor to a Class 6 felony. As relevant to this appeal, Code § 18.2-270(E) provides that a conviction under "the laws . . . of the United States substantially similar to the provisions of . . . [Code] §§ 18.2-266 through 18.2-269" is a "prior conviction" for purposes of enhancing a sentence pursuant to Code § 18.2-270(C).

The sole issue in this appeal, then, is whether the federal law under which Corey was convicted in 1995 for driving while intoxicated, 36 C.F.R. § 4.23(a)(2), is "substantially similar" to the provisions of Code § 18.2-266, the law governing the offense of driving while intoxicated in Virginia. If it is not, Corey's federal conviction for driving while intoxicated is not a proper

predicate offense for enhancement purposes under Code § 18.2-270(C). See Shinault v. Commonwealth, 228 Va. 269, 271, 321 S.E.2d 652, 654 (1984) (holding the trial court erred in considering defendant's out-of-state conviction a prior offense because it was not based on a statute that was "substantially similar" to Virginia's drunk-driving statute); Rufty v. Commonwealth, 221 Va. 836, 839, 275 S.E.2d 584, 586 (1981) (holding "it was error to sentence the defendant pursuant to the enhanced punishment provisions of Code § 18.2-270" when the Commonwealth failed to prove that defendant's prior foreign conviction was obtained under drunk-driving laws "substantially similar" to Virginia's drunk-driving laws).

In determining whether a foreign jurisdiction's drunk-driving law is "substantially similar" within the meaning of Code § 18.2-270(E) to Code § 18.2-266, the provisions of both laws must be examined. Rufty, 221 Va. at 838-39, 275 S.E.2d at 586. It is well settled in Virginia that, "if a person may be convicted of an offense under another jurisdiction's statute for conduct which *might not result* in a conviction under [a Virginia statute], the statutes are not 'substantially conforming.'" Cox v. Commonwealth, 13 Va. App. 328, 330-31, 411 S.E.2d 444, 446 (1991) (emphasis added); see also Shinault, 228 Va. at 271-72, 321 S.E.2d at 654 (finding statutes not "substantially similar" because, unlike Virginia's statute, out-of-state drunk-driving statute gave rise to a conclusive presumption); Turner v. Commonwealth, 38 Va. App. 851, 861-62, 568 S.E.2d 468, 472-73 (2002) (finding statutes not "substantially similar" because a defendant could be found guilty of housebreaking under the Uniform Code of Military Justice for conduct that may not result in a conviction under Code §§ 18.2-90, 18.2-91, and 18.2-92).

In pertinent part, Code § 18.2-266 provides as follows:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train . . . while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article . . . .

- 4 -

For the purposes of this section, the term "*motor vehicle*" includes mopeds, while operated on the public highways of this Commonwealth.

Code § 46.2-100 defines "highway" as follows:

[T]he entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, the entire width between the boundary lines of all private roads or private streets that have been specifically designated "highways" by an ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located.

Code § 46.2-100 defines "moped" as follows:

[A] conveyance that is either (i) a bicycle-like device with pedals and a helper motor that is rated at no more than two brake horsepower and that produces speeds up to a maximum of thirty miles per hour or (ii) a motorcycle with an engine displacement of 50 cubic centimeters or less and a maximum speed of less than thirty miles per hour.

36 C.F.R. § 4.23(a)(2) provides as follows:

Operating or being in actual physical control of a motor vehicle is prohibited while . . . [t]he alcohol concentration in the operator's blood or breath is 0.10 grams or more of alcohol per 100 milliliters of blood or 0.10 grams or more of alcohol per 210 liters of breath. Provided however, that if State law that applies to operating a motor vehicle while under the influence of alcohol establishes more restrictive limits of alcohol concentration in the operator's blood or breath, those limits supercede the limits specified in this paragraph.

The process of how the alcohol concentration in the operator's blood or breath is to be determined is set forth in relevant part in 36 C.F.R. § 4.23(c)(1), which provides as follows:

At the request or direction of an authorized person who has probable cause to believe that an operator of a motor vehicle *within a park area* has violated a provision of paragraph (a) of this section, the operator shall submit to one or more tests of the blood, breath, saliva or urine for the purpose of determining blood alcohol and drug content.

(Emphasis added.)

- 5 -

Pursuant to 36 C.F.R. § 1.3(a), "[a] person convicted of violating [36 C.F.R. § 4.23(a)(2)] *within a park area* . . . shall be punished by a fine as provided by law, or by imprisonment not exceeding 6 months, or both." (Emphasis added.) Pursuant to 36 C.F.R. § 1.2(a)(1), the regulations relating to the operation of motor vehicles while intoxicated "apply to all persons entering, using, visiting, or otherwise within . . . [t]he boundaries of federally owned lands . . . administered by the National Park Service." Pursuant to 36 C.F.R. § 1.4(a), a "motor vehicle" is defined as "every vehicle that is self-propelled and every vehicle that is propelled by electric power, but not operated on rails or upon water, except a snowmobile and a motorized wheelchair," and "park area" is defined as "any area of land and water now or hereafter administered by the Secretary of the Interior through the National Park service for park, monument, historic, parkway, recreational, or other purposes."

Examining the provisions of both the federal and state laws, it is readily apparent that an intoxicated person who drives a moped in a part of a federal park area that is not designated for vehicular travel may be convicted of driving while intoxicated under 36 C.F.R. § 4.23(a)(2). On the other hand, an intoxicated person who drives a moped in an area of the Commonwealth not designated for vehicular travel would not be subject to conviction for driving while intoxicated under Code § 18.2-266. Code § 18.2-266 expressly indicates that, as used in that statute, the term "motor vehicle" includes mopeds only when they are "operated on the public highways" of the Commonwealth. The definition of "highway" in Virginia does not include an off-road area not designated for vehicular travel.

Moreover, the record of Corey's 1995 federal conviction reveals only that Corey was convicted of driving while intoxicated under 36 C.F.R. § 4.23(a)(2). It permits us to conclude only that Corey committed the offense while operating a motor vehicle within a federal park area. It does not permit us to conclude that he was convicted of some act other than driving a

- 6 -

moped while intoxicated in a part of a federal park area that was not designated for vehicular travel, which is conduct that would not result in a conviction under Code § 18.2-266.

Because the federal drunk-driving regulation permits a conviction for conduct that would not result in a conviction under Code § 18.2-266, it is not "substantially similar" to Code § 18.2-266 within the meaning of Code § 18.2-270(E). Hence, Corey's prior federal conviction for driving while intoxicated may not properly be used as a predicate offense for purposes of enhancing Corey's sentence in this case. We hold, therefore, that the trial court erred in considering Corey's federal conviction a prior offense for purposes of enhancement under Code § 18.2-270(E) and in sentencing him under Code § 18.2-270(C).

Accordingly, we reverse the judgment of the trial court, vacate the sentence imposed upon Corey, and remand the case to the trial court for resentencing in accordance with Code § 18.2-270(B).

<u>Reversed, vacated, and remanded.</u>