UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Chafin and Malveaux
Argued at Norfolk, Virginia


JAMES STEVEN PATTERSON

MEMORANDUM OPINION[*] BY
v.        Record No. 0821-16-1          JUDGE MARY BENNETT MALVEAUX
JULY 25, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

Charles E. Haden for appellant.

Stephen L. Forster, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


James Steven Patterson ("appellant") was convicted of driving under the influence ("DUI"),

third or subsequent offense, in violation of Code §§ 18.2-266 and -270.  On appeal, he argues that

the trial court erred in admitting into evidence two prior California DUI convictions, in part because

the trial court erred in finding that the California DUI statute is substantially similar to Code

§ 18.2-266.  We hold that the Commonwealth failed to prove the California DUI statute is

substantially similar to Code § 18.2-266 in this case.  Consequently, we reverse the judgment of the

trial court.

I.  BACKGROUND

On August 31, 2013, at approximately 2:00 a.m., Deputy First Class Damon Radcliffe of

the York-Poquoson Sheriff's Office stopped appellant's vehicle due to its slow rate of speed. The

vehicle had a California license plate, and was later discovered to be registered in that state.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant was the driver and sole occupant of the vehicle. Radcliffe detected an odor of alcoholic beverage from appellant's breath. The officer asked appellant to step out of the vehicle for field sobriety testing, during which appellant showed signs of impairment. Appellant was then arrested. After his arrest, appellant admitted to "having a couple of cocktails" that evening and later said that he "used poor judgment" that night. The officer administered a breath test on appellant after he was in custody. The certificate of analysis from that test, reflecting appellant's blood alcohol level of 0.11, was entered into evidence at trial.

At trial, the Commonwealth moved to enter three prior conviction orders into evidence, one from Virginia and two from California. The prior Virginia DUI conviction, from Newport News, was entered into evidence without objection by appellant.

Appellant challenged the admission of documents that the Commonwealth alleged were two prior conviction orders from California, Exhibits 3 and 4. Exhibit 3 was a set of documents from the Superior Court of California, County of Imperial, indicating that a "James S. Patterson," with the same date of birth as appellant, pled guilty to a violation of California Vehicle Code § 23152(b) that occurred on May 25, 2008. Exhibit 4 was a set of documents from the same court, indicating that a "James S. Patterson" pled guilty to a violation of California Vehicle Code § 23152(a) that occurred on October 5, 2009.[1]

Appellant argued that these exhibits should not be admitted because the California DUI statute is not substantially similar to the Virginia DUI statute. He noted that, among other dissimilarities, the Virginia statute enumerated driving a "motor vehicle," while the California

---

[1] As noted by appellant, Exhibit 4 stated that appellant pled guilty to a violation of subsection (a), driving while having a 0.08% or higher blood alcohol level. However, driving while having a 0.08% blood alcohol level is prohibited under subsection (b) of the California DUI statute.

statute used the term "vehicle." He argued that some vehicles might not qualify as motor vehicles for purposes of the Virginia DUI statutory scheme.

The trial court found that both California conviction orders were admissible, and therefore admitted all three prior DUI convictions into evidence. In explaining its ruling, it noted that it found California's DUI law to be substantially similar to Virginia's DUI statute.

Appellant then moved to strike the Commonwealth's evidence at the close of the Commonwealth's case. The trial court granted appellant's motion to strike as it related to Exhibit 4. The court found that the Commonwealth not had proven that Exhibit 4 was a prior conviction order, as it only mentioned that appellant had entered a guilty plea. The court did find that Exhibit 3 showed a prior conviction, as it had a judge's finding of guilt included.

The trial court subsequently found appellant guilty of DUI, third offense within ten years. Appellant appeals this conviction to our Court.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred in admitting his prior California convictions because the Commonwealth failed to prove that the California DUI statute under which appellant was convicted is substantially similar to Code § 18.2-266.

"Generally, '[w]e review a circuit court's decision to admit or exclude evidence under an abuse of discretion standard and, on appeal, will not disturb [that] decision . . . absent a finding of abuse of that discretion." Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012) (quoting Herndon v. Commonwealth, 280 Va. 138, 143, 694 S.E.2d 618, 620 (2010)). However, "to the extent admissibility rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review." Id. Further, "the determination regarding whether appellant's [prior] conviction is 'substantially similar' to the offense proscribed by Code § [18.2-266], is a question of law, and we review the trial court's judgment

on this question *de novo*." Dillsworth v. Commonwealth, 62 Va. App. 93, 99, 741 S.E.2d 818, 820 (2013).

Appellant was convicted of driving under the influence, third or subsequent offense, in violation of Code § 18.2-266. Code § 18.2-270 prescribes the punishment for a violation of Code § 18.2-266. Code § 18.2-270(C)(1) provides that "[a]ny person convicted of three offenses of § 18.2-266 committed within a 10-year period shall upon conviction of the third offense be guilty of a Class 6 felony." Code § 18.2-270(E) provides that a conviction under "the laws of any other state . . . substantially similar to the provisions of . . . [Code] § 18.2-266" is treated as a conviction under Code § 18.2-266 for purposes of enhancing a sentence pursuant to Code § 18.2-270(C).

Our Court has found that "two things are 'substantially similar' if they have common core characteristics or are largely alike in substance or essentials." Johnson v. Commonwealth, 53 Va. App. 608, 613, 674 S.E.2d 541, 543 (2009). Proving substantial similarity between two states' laws requires showing more than "a general likeness." See Shinault v. Commonwealth, 228 Va. 269, 271-72, 321 S.E.2d 652, 654 (1984). However, the statutes need not be substantially similar "in every respect." See Cox v. Commonwealth, 13 Va. App. 328, 330-31 & n.2, 411 S.E.2d 444, 445-46 & n.2 (1991). Additionally, "[t]he Commonwealth bears the burden of proving an out-of-state conviction was obtained under laws substantially similar to those of the Commonwealth. If the Commonwealth shows substantial similarity, the burden shifts to the defendant to produce 'evidence of dissimilarity.'" Dean, 61 Va. App. at 214, 734 S.E.2d at 676 (citation omitted) (quoting Rufty v. Commonwealth, 221 Va. 836, 839, 275 S.E.2d 584, 586 (1981)).

In the present case, appellant challenged the admission of Exhibit 3, a conviction under California Vehicle Code § 23152(b).[2] That provision provides that "[i]t is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle." Cal. Veh. Code § 23152(b). Code § 18.2-266 includes a similarly worded clause: "It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article . . . ."

It is clear that each subsection of Virginia's and California's respective DUI statutes serves the same purpose—prohibiting driving while having a blood alcohol content of 0.08 or more. However, appellant argues that the statutes are dissimilar because California's use of the term "vehicle" allows convictions for conduct not punishable by Code § 18.2-266, which specifically uses the term "motor vehicle."

The California Vehicle Code provides different definitions for the terms "vehicle" and "motor vehicle." "A 'vehicle' is a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks." Cal. Veh. Code § 670. "A 'motor vehicle' is a vehicle that is self-propelled." Cal. Veh. Code § 415(a).

The Code of Virginia also provides separate definitions for "vehicle" and "motor vehicle." Code § 46.2-100 defines "vehicle" as "every device in, on or by which any person or property is or may be transported or drawn on a highway, except electric personal delivery

---

[2] Appellant also challenged the admission of Exhibit 4, the other prior DUI conviction from California. The trial court, upon appellant's motion to strike, found that the Commonwealth not had proven that Exhibit 4 was a prior conviction order. Therefore, it was not used as a prior conviction for enhancement purposes under Code § 18.2-270(C) and its admissibility is not relevant on appeal.

devices and devices moved by human power or used exclusively on stationary rails or tracks." A "motor vehicle" is "every vehicle as defined in this section that is self-propelled or designed for self-propulsion except as otherwise provided in this title." Id. For purposes of Code § 18.2-266, mopeds are considered motor vehicles only "while operated on the public highways of this Commonwealth."

As noted in appellant's brief, the states' relative statutory schemes provide that an individual could be convicted under the California DUI statute while driving a moped on private property, where in Virginia that same conduct is not prohibited under Code § 18.2-266.

It is well-established in Virginia "that a crime in another state is not 'substantially similar' to the most closely corresponding crime under Virginia law if the other state's law 'permits convictions for acts which could not be the basis for convictions under [the Virginia law at issue].'" Dean, 61 Va. App. at 215, 734 S.E.2d at 676 (alteration in original) (quoting Cox, 13 Va. App. at 329, 411 S.E.2d at 445); see also Turner v. Commonwealth, 38 Va. App. 851, 861-62, 568 S.E.2d 468, 473 (2002) (finding statutes not "substantially similar" because a defendant could be convicted of housebreaking under the Uniform Code of Military Justice for conduct that may not result in a conviction under Code §§ 18.2-90, -91, and -92). Therefore, a defendant has met his burden of proving dissimilarity between two statutes "if 'under the Virginia statute, one would not necessarily be found guilty of an offense even though having been found to have committed the same act.'" Mason v. Commonwealth, 64 Va. App. 599, 608, 770 S.E.2d 224, 228 (2015) (quoting Cox, 13 Va. App. at 330, 411 S.E.2d at 446).

Here, appellant has proven dissimilarity between the California and Virginia statutes. We cannot conclude without further evidence that appellant's DUI conviction in California was based on conduct that equated to behavior that would violate the Commonwealth's DUI laws.[3] In this case, California Vehicle Code § 23152 was not shown to be substantially similar to Code § 18.2-266 because the California statute permits a conviction for conduct that would not result in a conviction under Code § 18.2-266.

The Commonwealth failed to demonstrate that appellant's conviction under California Vehicle Code § 23152 was substantially similar to Code § 18.2-266 for purposes of establishing third or subsequent offense. Therefore, the trial court erred in admitting Exhibit 3 for the purpose of proving a prior offense under Code § 18.2-270(E).[4]

### III. CONCLUSION

For the foregoing reasons, we reverse appellant's conviction for DUI, third or subsequent offense within ten years. At oral argument, appellant and the Commonwealth agreed that, in the event of such disposition, the appropriate resolution is to remand the case to the trial court to

---

[3] In Honaker v. Commonwealth, 19 Va. App. 682, 454 S.E.2d 29 (1995), our Court affirmed the trial court's finding of substantial similarity between statutes by examining the description of defendant's conduct in the prior conviction order and then determining whether that conduct would be prohibited in Virginia. Id. at 685, 454 S.E.2d at 31 (finding that a section of a West Virginia statute substantially conformed to Code § 18.2-266 where the West Virginia conviction stated that he was guilty of "driving and operating a motor vehicle . . . while under the influence of alcohol" despite the West Virginia statute using the term "vehicle"). Here, unlike Honaker, the California conviction order does not affirmatively establish what specific conduct led to appellant's prior convictions.

[4] Additionally, as the admission of Exhibit 3 was necessary for the enhancement of appellant's sentence to DUI third within ten years, we cannot say it was harmless. A non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. "'[A] fair trial on the merits and substantial justice' are not achieved if an error at trial has affected the verdict." Lavinder v. Commonwealth, 12 Va. App. 1003, 1006, 407 S.E.2d 910, 911 (1991) (*en banc*). Here, the admission of Exhibit 3 was essential for the enhancement of appellant's sentence and therefore its admission was not harmless.

allow appellant to be sentenced on DUI, second offense.  Accordingly, we remand the case for that purpose.  <u>See</u> <u>Commonwealth v. South</u>, 272 Va. 1, 1, 630 S.E.2d 318, 319 (2006).

<u>Reversed and remanded.</u>