COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

UNPUBLISHED

CARL DORMAN

v.        Record No. 0170-19-2

COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF MOTOR VEHICLES AND
  RICHARD D. HOLCOMB, COMMISSIONER

MEMORANDUM OPINION* BY
JUDGE GLEN A. HUFF
SEPTEMBER 24, 2019

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Rob Starnes (Starnes Law Office, on brief), for appellant.

Christian A. Parrish, Assistant Attorney General (Mark R. Herring,
Attorney General; Donald D. Anderson, Deputy Attorney General;
Jeffrey R. Allen, Senior Assistant Attorney General/Chief, on
brief), for appellees.


Carl Dorman ("appellant") appeals the Virginia Department of Motor Vehicles' ("DMV"

or "agency") informal conference decision denying his application for renewal of his Virginia

driver's license. Appellant first appealed the agency decision to the Circuit Court for the City of

Richmond, which affirmed. Appellant raises two assignments of error to this Court:

1. The Circuit Court erred in affirming the agency decision where the
   record showed the agency did not consider Mr. Dorman's Due
   Process Arguments, substantive nor procedural, unilaterally
   dismissing them out of hand.

2. The Circuit Court erred in finding substantial evidence in the
   agency record to support the agency decision where it was
   undisputed that Florida provided a release letter and Georgia's
   punishment for Driving Suspended was dissimilar to Virginia's
   proscribed punishment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Although not included in these assignments of error, appellant also contends that the DMV's decision violates his right to interstate travel under the Commerce Clause, the Privileges and Immunities Clause of Article Four, and the Equal Protection Clause of the United States Constitution.

Because the agency's factual findings are supported by evidence in the record and appellant's legal arguments are without merit, this Court affirms the circuit court decision affirming the informal conference decision of the DMV.

## I.  BACKGROUND

On August 23, 1987, appellant was arrested for driving under the influence of alcohol in Tennessee.  At the time, appellant was licensed in Florida.  On October 23, 1987, appellant was convicted in Tennessee for driving under the influence of alcohol in violation of former Tennessee Code § 55-10-40.  The same day, Florida revoked appellant's driving privileges because of that conviction.

On September 10, 1990, appellant was again convicted for driving under the influence of alcohol—this time in Georgia.  Appellant was licensed in Georgia at the time of this conviction. The same day he was convicted, Georgia suspended his driving privileges.  On May 24, 1991, appellant was arrested for driving on a suspended license.  Meanwhile, appellant's driving privileges were reinstated by Georgia on September 10, 1991.  Yet, on December 4, 1991, appellant was convicted on the pending charge of driving on a suspended license in violation of former Georgia Code § 40-5-121.  As a result, Georgia re-suspended appellant's license.

By 1995, appellant had relocated to Virginia.  Appellant applied for and was issued a Virginia driver's license.  In the years since, the Commonwealth has renewed his driver's license multiple times, with the two most recent occasions being November 3, 2005, and October 5, 2009.  On October 24, 2017, appellant went to the Gate City DMV to renew his driver's license.

The DMV employee assisting appellant queried the National Driver Registry ("NDR") to determine his eligibility. The NDR report listed appellant as "not eligible" for a Virginia driver's license. The DMV employee denied appellant's request to renew his driver's license and voided a temporary license that had been issued to him.

On December 13, 2017, appellant's counsel received a letter from the Florida Department of Highway Safety and Motor Vehicles which stated that appellant's revocation based on a 1983 conviction for driving under the influence was closed and that he was eligible to receive a driver's license. The letter did not mention the 1987 conviction from Tennessee. Subsequently, appellant's counsel wrote to the DMV requesting a new license be issued to his client. On January 28, the DMV obtained a new NDR report which contained two entries from Florida. The first listed the name "Dorman, Carl, E" and reported him as "not eligible" due to the 1987 revocation resulting from his Tennessee conviction for driving under the influence of alcohol. The second listed the name "DORMAN@CARLE" and reported him as "eligible." This entry did not mention the 1987 revocation. The NDR report also listed appellant as "not eligible" in Georgia because of the suspension resulting from his 1991 conviction for driving on a suspended license.

On February 1, 2018, Richard Holcomb, the Commissioner of the DMV ("Commissioner"), denied appellant's request to renew his license. The Commissioner stated that Code § 46.2-316 prohibits issuance of a license to appellant. The decision explained that the DMV had contacted Florida and Georgia, and it relayed what steps appellant must take to resolve the revocation and suspension in those states. The next day, appellant requested a hearing.

The DMV obtained an additional NDR report on April 16, 2018, which confirmed the same information as the previous reports, but appeared to consolidate the two Florida profiles. A hearing was held on May 24, 2018, and the Commissioner issued an informal conference

decision on June 27, 2018, holding that the DMV was prohibited from issuing or renewing appellant's license. Appellant appealed to the Circuit Court for the City of Richmond pursuant to the Virginia Administrative Process Act ("VAPA"). That court affirmed the agency decision by final order entered January 2, 2019. This appeal followed.

## II. STANDARD OF REVIEW

Agency actions are presumed valid on review. Env. Def. Fund, Inc. v. Va. State Water Control Bd., 15 Va. App. 271, 277 (1992). The appellant bears the burden of overcoming this presumption. Id. Judicial review is limited to examining the agency decision for: "(i) accordance with constitutional right[s], (ii) compliance with statutory authority, (iii) observance of required procedures where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact." Virginia Bd. of Med. v. Hagmann, 67 Va. App. 488, 500 (2017) (citations omitted).

The deference accorded to an agency's determination of law depends on the law being interpreted. Commonwealth ex rel. Va. State Water Control Bd. v. Blue Ridge Env. Def. League, Inc, 56 Va. App. 469, 480 (2010). If the law falls within that agency's "specialized competence," the agency decision is "entitled to special weight" and will be overturned only if it "constitutes a clear abuse of the delegated discretion." Id. (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 243-44 (1988)). "However, courts do not defer to an agency's interpretation '[i]f the issue falls outside the area generally entrusted to the agency, and is one in which the courts have a special competence, i.e., the common law or constitutional law . . . .'" Id. at 481 (quoting Johnston-Willis, 6 Va. App. at 243) (alteration in original). Accordingly, an agency's "'legal interpretations of statutes' is accorded no deference because '[w]e have long held that pure statutory interpretation is the prerogative of the judiciary.'" Id. (quoting The

- 4 -

Mattaponi Indian Tribe v. Commonwealth, Dep't of Envt'l Quality, 43 Va. App. 690, 707 (2004)).

"We review an administrative agency's factual decisions only for whether they have support in substantial evidence." Mazloumi v. Dep't of Envtl. Quality, 55 Va. App. 204, 208 (2009). "This Court may reverse an agency's factual conclusions only where 'a reasonable mind would necessarily reach a different conclusion.'" Id. at 208-09 (quoting Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 441 (2005)).

III.  ANALYSIS

A.  Appellant's Alleged Due Process Violations

Appellant asserts a single, but layered, due process violation.  Appellant contended below that the imposition of any additional requirements to renew his license based on old convictions violates his due process rights.  To this Court, appellant avers only that the DMV failed to afford him due process of law by refusing to consider his underlying due process argument.  Appellant contends that this effectively denied him a hearing.

A person's right to operate a motor vehicle cannot be taken away without the protections of procedural due process.  Commonwealth v. Shaffer, 263 Va. 428, 431-32 (2002). Post-deprivation procedures are sufficient to satisfy the requirements of procedural due process. Id. at 433-34.  To comport with constitutional guarantees of procedural due process, any post-deprivation hearing must provide certain minimum requirements including timely and adequate notice; the right to present evidence and confront adverse witnesses; the right to assistance of retained counsel; and the right to an impartial decision maker.  Hagman, 67 Va. App. at 501.

Appellant does not assert that any of the above minimum requirements were absent. Appellant contends only that the DMV effectively denied him a hearing when it refused to

consider his underlying due process arguments. But, the record belies appellant's assertion. The Commissioner did determine that the agency was "not the proper forum to determine whether a statute or the application of a statute is constitutional."[1] However, the Commissioner went on to reject appellant's argument by holding that "Virginia is not the proper jurisdiction to raise this argument since it is not imposing [the] requirements."

In sum, appellant received an adequate post-deprivation hearing in which he presented his due process arguments. The Commissioner considered those arguments and rejected them. These actions were sufficient to satisfy the constitutional guarantees of due process with regard to any actions taken by the Commonwealth.[2]

## B. Appellant's Other Constitutional Arguments

Appellant argues that the DMV's refusal to renew his license violates his right to interstate travel under various provisions of the United States Constitution. This argument is procedurally defaulted for two reasons. First, it was not presented to the circuit court. See Rule 5A:18. Second, appellant failed to assign this argument as an error. See Karr v. Va. Dep't of Envtl. Quality, 66 Va. App. 507, 521 (2016) ("If a party fails to assign a specific error in its petition, this Court will not reach the merits of that assignment."). Furthermore, appellant does not raise either the good cause or ends of justice exceptions, and this Court may not invoke such exceptions *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 766 (2003) (*en banc*). Therefore, this Court declines to address these arguments.

---

[1] Whether the Commissioner can determine the constitutionality of a statute in the first instance is not before the Court. Accordingly, this Court takes no position on that issue.

[2] Appellant did not assign error to the Commissioner's substantive ruling. Therefore, this Court does not address whether Georgia or Florida's imposition of certain requirements to reinstate appellant's eligibility for a driver's license violates his right to due process; nor does this Court express any opinion on whether those arguments could be properly raised in a Virginia court.

C. Appellant's State Specific Arguments

Appellant's second assignment of error challenges the DMV's substantive decision that he is ineligible for a driver's license because of both his prior suspension in Georgia and his prior revocation in Florida. Regarding Georgia, appellant contends that its laws are dissimilar to those of this Commonwealth because of differing punishment and therefore may not bar issuance of a Virginia license. As to Florida, appellant argues that there is not substantial evidence in the record to support the DMV's decision because he received a release letter from Florida.

In order to overturn the agency decision denying his license renewal, appellant must prevail on both issues. Because prevailing on one issue would affect the remaining requirements for licensure, however, the Court addresses both issues in turn.

1. Similarity of the Laws of Georgia and the Commonwealth

Appellant contends that the applicable laws of Georgia and the Commonwealth are not similar for purposes of Code § 46.2-316(A)(4). Specifically, appellant avers that Georgia's prescription of attending DUI school as punishment for a violation of Georgia law is not a punishment that would be available under the applicable Virginia law. Appellant asserts that this difference in potential punishments renders the statutes dissimilar. Appellant does not, however, allege that the conduct prohibited by the two statutes is dissimilar.

The DMV is prohibited from issuing a driver's license to any individual who has been convicted in another state of a charge similar to Code §§ 18.2-266 or 18.2-272. Code § 46.2-316(A)(4). At the time of his conviction, the applicable Georgia statute provided that "[e]xcept when his license has been revoked as a habitual offender . . . any person who drives a motor vehicle on any public highway of [the State of Georgia] at a time when his privilege to do so is suspended, disqualified, or revoked shall be guilty of a misdemeanor . . . ." Ga. Code § 40-5-121(a) (1991). The corresponding Virginia statute provided that "[if] any person so

convicted [of driving while intoxicated] shall, during the time for which he is deprived of his right so to do, drive or operate any motor vehicle . . . in this Commonwealth, he shall be guilty of a Class 1 misdemeanor . . . ." Code § 18.2-272 (1991).

This Court has not yet had occasion to address the standard for identifying whether two statutes are similar for purposes of Code § 46.2-316(A). In other contexts, the Court has noted that the "word similar 'is generally interpreted to mean that one thing has a resemblance in many respects, nearly corresponds, is somewhat like, or has a general likeness to some other thing but is not identical in form and substance . . . .'" Cty. of Frederick Fire and Rescue v. Dodson, 20 Va. App. 440, 446 (1995) (quoting Black's Law Dictionary 1383 (6th ed. 1990)); see also Stroud v. Stroud, 49 Va. App. 142, 151 (2007). This Court's jurisprudence concerning when two statutes substantially conform for purposes of the former habitual offender statute is also instructive. See Code § 46.2-351 (repealed 1999). In that context, the two statutes did not need to "conform in every aspect." Cox v. Commonwealth, 13 Va. App. 328, 331 (1991). "Only that prohibition of the other state's law under which the person was convicted [had to] substantially conform." Id.

Appellant relies solely on the assertion that a difference in punishment renders them dissimilar. However, the potential punishment for a given offense is not applicable when determining substantial similarity or conformity. See id. Therefore, these laws are similar[3] for purposes of Code § 46.2-316(A).

---

[3] The appellant does not argue that the conduct prohibited by these two statutes is dissimilar. Therefore, the Court does not address the question of whether any differences in their prohibited conduct would, in fact, render them dissimilar. See, e.g., Shinault v. Commonwealth, 228 Va. 269 (1984); Cox, 13 Va. App. 328; West v. Commonwealth, 14 Va. App. 350 (1992).

## 2. Substantial Evidence of Ineligibility

Lastly, appellant contends that the agency acted arbitrarily and capriciously when it refused to renew his license despite receiving a release letter from Florida. Appellant does not challenge whether the applicable law of Florida is similar to the applicable law of this Commonwealth. Accordingly, this assignment of error presents only the factual question of whether there was a predicate conviction and suspension under Florida law. As such, this Court reviews the agency decision only for whether its factual finding was supported by substantial evidence. Mazloumi, 55 Va. App. at 208.

The DMV received and reviewed both the release letter submitted by Florida and the NDR report of appellant. The Florida release letter stated that appellant's revocation case relating to a 1983 Florida conviction for driving under the influence had been closed and that he was eligible for a license. The letter did not mention the 1987 Tennessee conviction and subsequent revocation in Florida. The record also reflects that this letter was later revealed to be sent in error because appellant mistakenly had two Florida NDR profiles. Indeed, this is reflected in the NDR reports themselves. The January 23, 2018 NDR report lists one profile for the name "Dorman, Carl, E" and one for the name "DORMAN@CARLE." Meanwhile, the April 16, 2018 NDR report lists only the name "Dorman, Carl, E" and lists "DORMAN@CARLE" as a known alias. Although the January 23, 2018 NDR report for "DORMAN@CARLE" lists him as eligible, both the January 23 and April 16, 2018 NDR reports for "Dorman, Carl, E" listed him as ineligible.

In light of this evidence, this Court cannot say that a "reasonable mind would necessarily reach a different conclusion." Id. Therefore, the factual determination of the agency is binding.

IV.  CONCLUSION

This Court affirms the circuit court's ruling which affirmed the DMV's decision to deny appellant's request to renew his driver's license.  The DMV did not violate appellant's due process rights, and appellant waived his other constitutional arguments.  Appellant failed to meet his burden to demonstrate that the agency action was invalid, and the DMV's ultimate decision is supported by the evidence.

<u>Affirmed.</u>