## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Penna R. Grafton

v.

Commonwealth of Virginia

December 22, 1999

Case No. CL99-329

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this petition to determine the correctness of a Department of Motor Vehicles (DMV) habitual offender determination, the threshold question is whether the court has jurisdiction to consider the petition in light of the recent repeal of the habitual offender statutes. If the court has authority to hear the petition, the next issue is whether the petitioner's predicate out-of-state convictions should have been considered by DMV because, according to the petitioner, they involve laws that do not substantially conform to Virginia's DUI laws. Finally, if the DMV habitual offender determination must stand, the petitioner seeks restoration of her license.

*Facts*

On December 20, 1997, the Commissioner of DMV determined that the petitioner's record reflected that she was an habitual offender and revoked her operator's license. In making that determination, DMV relied upon three DUI convictions, two of which occurred in Maryland.

The petitioner filed this petition on August 30, 1999. On November 1, 1999, the date fixed for the hearing, petitioner appeared with counsel and filed a thirteen-page "Motion to Strike and Dismiss," with attachments. After arguments, the Commonwealth requested leave to review petitioner's motion and to respond. The court granted the request and took the matter under

advisement. The Commonwealth's Attorney submitted a responsive memorandum and the petitioner filed a reply.

### Effect of Repeal of Habitual Offender Statutes

Effective July 1, 1999, the General Assembly repealed the habitual offender statutes, Va. Code § 46.2-351 through § 46.2-355.

The petitioner contends that the repeal divests the court of statutory authority to affirm DMV's determination; therefore, she argues, the DMV determination should not be affirmed and should be dismissed.

This argument is without merit. If the repeal of the habitual offender statutes has divested the court of authority to affirm the DMV determination, by what authority could the court dismiss the DMV determination? The statutory scheme was repealed, not just part of it. The court's authority to review a DMV habitual offender determination was under § 46.2-352(B). Pursuant to that statutory provision, the circuit court reviewed the petition and either affirmed or reversed the DMV determination. It is illogical to suppose that when the statute was repealed, the court was stripped of its authority to affirm but nonetheless was left with some sort of residual authority to dismiss a DMV determination.

Alternatively, the petitioner argues that the repeal cannot deprive her of a vested right to challenge the DMV determination. She cites Va. Code § 1-16 for the proposition that the repeal should be applied only prospectively.

The court agrees that the repeal of the habitual offender statutes cannot divest the circuit courts of authority to review DMV determinations made prior to the repeal.

The Commonwealth's references to rights of appeal are misplaced. Judicial review of a DMV habitual offender determination is not an "appeal" in the ordinary sense. When the DMV Commissioner makes his determination, he does so based solely on the driver's DMV record. If the record shows the predicate convictions, a determination is made, the driver is notified that he is an habitual offender, and the license is revoked. There is no hearing, no opportunity to be heard, no conference, no discussion, no meeting, no review. The driver's *only* avenue to be heard on the matter is to petition an appropriate circuit court under the former § 46.2-352(B).

Unfettered authority and unchallengeable decision-making by administrators and bureaucrats are alien to our form of government. The legislature did not intend to create such a system. Section 1-16 mitigates the effect of revised or repealed laws under these circumstances.

The court is of the opinion that repeal of the habitual offender statutes has no impact on a DMV determination made prior to July 1, 1999. Otherwise, those determinations, even those made the day before the statutes were repealed, would be binding without any hearing or opportunity to be heard in any forum and completely non-reviewable.

## The Predicate Offenses

Reviewing the predicate offenses, the court is of the opinion that Maryland's DUI laws are in substantial conformance to Virginia's DUI laws, so that the petitioner's 1990 and 1995 Maryland convictions were properly considered by DMV in making its habitual offender determination.

*Shinault v. Commonwealth*, 228 Va. 269 (1984), is inapposite. There is nothing in the Maryland statutes that would allow a person to be convicted based on behavior that might not result in a conviction in Virginia. See *Cox v. Commonwealth*, 13 Va. App. 328 (1991).

Therefore, having heard argument on November 1, 1999, and having reviewed the record and the memoranda submitted, the court holds that the DMV determination was correct and that the petitioner is an habitual offender.

## Restoration of License

The petitioner requests, in the alternative, that her license be restored in accordance with § 46.2-360.

The short answer to that request is that the petitioner is not eligible for restoration under any of the statutory provisions. She was declared an habitual offender on December 20, 1997. With the passage of only two years, she is not entitled to restoration.

## Conclusion

The court has authority to review pre-July 1, 1999, DMV habitual offender determinations. Upon review, however, the court is of the opinion that the predicate convictions are valid and proper and that DMV correctly declared the petitioner an habitual offender in 1997. Further, the court finds that the petitioner is not eligible for restoration.