**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　　　No. 03-4506

MICHAEL A. THOMAS,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-03-113)

Argued: February 26, 2004

Decided: May 4, 2004

Before WILKINS, Chief Judge, and MOTZ and
TRAXLER, Circuit Judges.

---

Vacated and remanded by published opinion. Chief Judge Wilkins
wrote the opinion, in which Judge Motz and Judge Traxler joined.

---

**COUNSEL**

**ARGUED:** Christina Kearney Saba, Glen Allen, Virginia, for Appellant. Sara Elizabeth Flannery, Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Richmond, Virginia, for Appellee.

**OPINION**

WILKINS, Chief Judge:

Michael Anthony Thomas appeals his conviction for fourth-offense driving while intoxicated (DWI) on a federal reservation in Virginia. *See* 18 U.S.C.A. § 13 (West 2000) (adopting state law for areas within federal jurisdiction); Va. Code Ann. §§ 18.2-266, 18.2-270(C) (Michie 1996 & LexisNexis Supp. 2003). The indictment alleged that Thomas had three prior DWI convictions in Maryland. We vacate Thomas' conviction and sentence and remand for further proceedings.

I.

Thomas was stopped by a federal officer while driving early on the morning of January 13, 2001, at Dahlgren Naval Surface Warfare Center. He subsequently failed field sobriety and breathalyzer tests. As a result of this incident and the fact that he had three previous Maryland DWI convictions—two in 1997 and one in 1999—Thomas was indicted for fourth-offense DWI.

Thomas subsequently moved to dismiss the indictment, arguing that the Maryland statute under which he had been previously convicted was not sufficiently similar to Virginia Code § 18.2-266 for the Maryland convictions to warrant a fourth-offense conviction. After hearing testimony from Maryland prosecutor Matthew Stiglitz regarding how Maryland DWI laws are applied, the district court denied Thomas' motion.

Thomas then pled guilty to the indictment. As part of the plea agreement, he reserved the right to appeal the denial of his motion to dismiss. The district court later accepted Thomas' guilty plea and entered a judgment of guilt on the charge. The court imposed a sentence of 36 months imprisonment.

II.

Thomas argues that the district court erred in concluding that the Maryland statute under which he had been previously convicted is

substantially similar to Virginia Code § 18.2-266. Thomas therefore asserts that the district court erred in denying his motion to dismiss the indictment.

## A.

Initially, we note some uncertainty regarding the procedural posture of this claim. To warrant dismissal of the indictment, Thomas would need to demonstrate that the allegations therein, even if true, would not state an offense. *See United States v. Hooker*, 841 F.2d 1225, 1227-28 (4th Cir. 1988) (en banc). Despite Thomas' claim that he is appealing the denial of his motion to dismiss the indictment, his argument to us concerns not the sufficiency of the indictment allegations, but rather, the sufficiency of *the record* to support a finding that Thomas was guilty of fourth-offense DWI.[1] Specifically, he argues that there is no basis in the record for concluding that he has three predicate offenses since the Maryland statute under which he was convicted is not substantially similar to the Virginia statute at issue here. In light of the nature of Thomas' argument, we are inclined to treat it as a challenge to the adequacy of the factual basis supporting his plea even though he has not explicitly framed it as such. *See United States v. Klecker*, 348 F.3d 69, 72-73 (4th Cir. 2003) (treating argument as challenge to factual basis for guilty plea under similar circumstances), *petition for cert. filed* (U.S. Jan. 22, 2004) (No. 03-9238). And, we conclude that this challenge has merit.

Federal Rule of Criminal Procedure 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." This rule "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).

---

[1]We conclude that the allegations in the indictment here adequately state the offense of fourth-offense DWI. *See Russell v. United States*, 369 U.S. 749, 763-64 (1962) (explaining that the purposes of an indictment are (1) to notify a defendant of the charge against him so that he may prepare to defend himself and (2) to enable him to plead a double jeopardy bar, if applicable). Thus, the district court did not err in denying Thomas' motion to dismiss.

The factual basis need not be established during the plea colloquy; rather, it may be established "from anything that appears on the record." *Id.* We review a finding of a factual basis for a guilty plea for abuse of discretion. *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

B.

To determine whether the Maryland convictions could serve as predicates for Thomas' fourth-offense conviction, we must consider the applicable substantive law. Thomas was charged with violating the Assimilative Crimes Act, *see* 18 U.S.C.A. § 13, which assimilated Virginia's DWI statutes, *see* Va. Code Ann. §§ 18.2-266, 18.2-270(C).[2] The existence of the predicate convictions constitutes an element of the offense of fourth-offense DWI. *See McBride v. Commonwealth*, 480 S.E.2d 126, 127 (Va. Ct. App. 1997). For previous convictions to constitute predicate offenses under § 18.2-270(C), the statutes on which the previous convictions are based must be substantially similar to Virginia Code § 18.2-266. *See Commonwealth v. Ayers*, 437 S.E.2d 580, 581 (Va. Ct. App. 1993). That "does not mean that the other state's law must substantially conform in every respect to Code § 18.2-266. Only that prohibition of the other state's law under which the person was convicted must substantially conform." *Id.* (alterations & internal quotation marks omitted). A statute is substantially similar if any actions violating the statute necessarily would violate the Virginia statute as well. *See Turner v. Commonwealth*, 568 S.E.2d 468, 472 (Va. Ct. App. 2002). The burden is on the Government to prove that a prior conviction was under a conforming statute. *See Shinault v. Commonwealth*, 321 S.E.2d 652, 654 (Va. 1984).

We therefore must compare the relevant statutes. The parties agree that the relevant Virginia statute is Virginia Code § 18.2-266, which prohibits

---

[2]The Assimilative Crimes Act provides that absent a governing federal statute, one who commits a state crime on a federal enclave "shall be guilty of a like offense and subject to a like punishment." 18 U.S.C.A. § 13(a).

any person [from] driv[ing] or operat[ing] any motor vehicle . . . (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article [or] (ii) while such person is under the influence of alcohol. . . .

Importantly, under the Virginia statutory scheme, test results revealing a threshold blood alcohol concentration do not conclusively establish either that the threshold concentration was present *at the time of driving* (for purposes of § 18.2-266(i)), or that the defendant was in fact under the influence of alcohol at the time of driving (for purposes of § 18.2-266(ii)). Rather, such results create only a rebuttable presumption of those facts. *See* Va. Code Ann. § 18.2-269(3) (Michie 1996); *Davis v. Commonwealth*, 381 S.E.2d 11, 15 (Va. Ct. App. 1989).

Although the question of exactly what prohibition was the source of Thomas' Maryland convictions is the subject of significant debate, the parties agree that Thomas was convicted under some portion of Maryland Transportation Code § 21-902(a) (LexisNexis Supp. 2003), which provides:

(a) *Driving while under the influence of alcohol or under the influence of alcohol per se.* — (1) A person may not drive or attempt to drive any vehicle while under the influence of alcohol.

(2) A person may not drive or attempt to drive any vehicle while the person is under the influence of alcohol per se.

Maryland law defines "under the influence of alcohol per se" as "having an alcohol concentration at the time of testing of 0.08 or more as measured by grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath." Md. Code Ann., Transp. II § 11-127.1(a) (2002).

The parties appear to agree that § 21-902(a)(1) conforms to § 18.2-

266(ii). Section 21-902(a)(2) is a different story, however. One could violate § 21-902(a)(2), which prohibits having too high a blood alcohol level "at the time of testing," without violating the Virginia statute. That is because although a blood alcohol test result can conclusively prove a violation of § 21-902(a)(2), under the Virginia statute it can only create a presumption of guilt that may be rebutted by a showing that the defendant did not have an illegally high blood alcohol level *when he was driving*. *See Ayers*, 437 S.E.2d at 582. Thus, because § 21-902(a)(2) does not conform to the Virginia statute, no conviction based on a violation of § 21-902(a)(2) can serve as a predicate offense.[3] *See id.*

For this reason, the critical issue in this appeal is whether the record establishes that Thomas was convicted under (a)(1) or, alternatively, leaves open the possibility that he was prosecuted on an (a)(2) theory. We conclude that the record does not indicate which theory was employed. With respect to each of Thomas' prior convictions, the offense charged in the Maryland charging document was a violation of § 21-902(a). Stiglitz testified that he knew that Thomas "pled guilty to [(a)] because that's the only plea we ever take. There's never a distinction either at trial in the verdict or in the plea process of a reference to the subsection, [(a)(1)] or [(a)(2)]. It's generally to the—it's to the general section . . . (a)." J.A. 49-50. Stiglitz further stated that Maryland courts had interpreted (a)(2) not as creating a separate offense, but rather as "simply creating a new mode of proof" of the general section (a) offense. *Id.* at 51. Indeed, the Maryland Court of Special Appeals had accepted this conclusion. *See Meanor v. State*, 758 A.2d 1124, 1129 (Md. Ct. Spec. App. 2000).

We recognize that this conclusion was subsequently rejected by the Maryland Court of Appeals on appeal in the same case. *See Meanor v. State*, 774 A.2d 394, 398-402 (Md. 2001). In that decision, the Court of Appeals held that (a)(1) and (a)(2) create two separate

---

[3]The Government contends that this argument is at odds with *Commonwealth v. Lowe*, 525 S.E.2d 636, 640 (Va. Ct. App. 2000), and *Grafton v. Commonwealth*, 50 Va. Cir. 530 (1999), both of which declare that the Maryland and Virginia DWI statutes are substantially similar. However, because neither of these decisions discusses the particular dissimilarity at issue here, we choose not to adopt their broad conclusions.

offenses and that a defendant may not be convicted under (a)(2) unless an intoxication per se theory is specifically alleged in the charging document. *See id.* at 402-03.

It could be argued that under *Meanor*, the Maryland charging documents, which cite § 21-902(a) generally, would have been insufficient to support (a)(2) convictions, and thus the convictions must have been under (a)(1). We do not accept that analysis, however. In order to determine what offenses Thomas was convicted of in 1997 and 1999, we must look at the charging documents and records of conviction in light of the *then-prevailing* practices; we may not apply *Meanor* retroactively to resolve ambiguities created by the very prosecutorial practices that *Meanor* stopped. Stated another way, even if it would have been error in 1997 and 1999 for the Maryland courts to adjudge Thomas guilty under § 21-902(a) generally, that does not negate the fact that Thomas was *in fact* charged under § 21-902(a) generally, and the record does not indicate whether the applicable theory of prosecution implicated (a)(1) or (a)(2).

Since Thomas' charging documents and records of conviction refer to § 21-902(a) generally, the record does not give rise to a reasonable inference that the statutes on which Thomas' prior convictions were based substantially conform to § 18.2-266. On the contrary, the record leaves open the possibility that Thomas was convicted under § 21-902(a)(2), which is not substantially similar to § 18.2-266 for the reason already discussed. We therefore conclude that the district court abused its discretion in accepting Thomas' guilty plea to fourth-offense DWI.

### III.

For the foregoing reasons, we vacate Thomas' conviction and sentence for fourth-offense DWI and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*