2010 UT App 360

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kenneth RAJO, Defendant and Appellant.**

No. 20090786–CA.

Court of Appeals of Utah.

Dec. 16, 2010.

Shelden R. Carter, Provo, for Appellant.

Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee.

Before Judges McHUGH, ROTH, and CHRISTIANSEN.

MEMORANDUM DECISION

McHUGH, Associate Presiding Judge:

¶ 1 Kenneth Rajo appeals the trial court's denial of his motion to dismiss the classification of his charge of Driving Under the Influence (DUI) as a felony, arguing that two prior DUI convictions in California cannot be used to enhance his Utah DUI charge. We affirm.

¶ 2 On April 21, 2007, Rajo "drove a motor vehicle [in Utah] at a time when [his] blood/alcohol level exceeded 0.08[%]" in violation of Utah Code section 41–6a–502 (the Utah DUI statute), a class B misdemeanor, *see* Utah Code Ann. §§ 41–6a–502 to –503 (Supp.2010).[1] Because Rajo had been previously convicted of DUI in California under section 23152 of the California Vehicle Code (the California DUI statute), *see* Cal. Veh. Code § 23152 (West 2010), in 1999 and again in 2004, he was charged with DUI with prior convictions, a third degree felony, *see* Utah Code Ann. § 41–6a–503. Rajo moved to dismiss the felony classification, arguing that the California convictions did not meet the

---

**1.** Although some sections of both the Utah and California Codes have changed since the events leading to Rajo's convictions, the changes are either not substantive or not relevant to our analysis. Therefore, we cite to the current version of the codes throughout as a convenience to the reader.

requirements for enhancement under Utah law, *see id.* § 41–6a–501(2)(a)(viii). The trial court denied Rajo's motion to dismiss. Rajo pleaded guilty to the felony DUI but reserved his right to appeal the denial of his motion, *see generally State v. Sery,* 758 P.2d 935, 939 (Utah Ct.App.1988).

¶3 The question of whether Rajo's prior California convictions meet the requirements of Utah Code section 41–6a–501(2), the Utah DUI statute, and section 41–6a–503 for purposes of enhancing his Utah DUI charge to a third degree felony involves interpretation of both Utah and California law. As such, we review the trial court's decision for correctness. *See State v. Wallace,* 2005 UT App 434, ¶7, 124 P.3d 259 ("The correct interpretation of a statute is a question of law and is reviewed for correctness." (internal quotation marks omitted)), *aff'd,* 2006 UT 86, 150 P.3d 540.

¶4 A person violates the Utah DUI statute by operating or having "actual physical control of" a vehicle under three circumstances: when the person (a) "has sufficient alcohol in the person's body that a subsequent chemical test shows that the person has a blood or breath alcohol concentration of .08 grams or greater at the time of the test," (b) "is under the influence" of alcohol or drugs "to a degree that renders the person incapable of safely operating a vehicle," or (c) "has a blood or breath alcohol concentration of .08 grams or greater at the time of operation or actual physical control." Utah Code Ann. § 41–6a–502. A violation of this section is enhanced to a third degree felony if it is within ten years of two or more prior convictions. *See id.* § 41–6a–503(2)(b). A "conviction" for purposes of this enhancement statute includes convictions for violations of "statutes or ordinances ... in effect in any other state ... which would constitute a violation of [the Utah DUI statute]." *Id.* § 41–6a–501(2)(a)(viii).

¶5 In both 1999 and 2004, Rajo was convicted of violating subsection (b) of the Cali-

fornia DUI statute, *see* Cal. Veh.Code § 23152(b).[2] Under subsection (b) of the California DUI statute, "[i]t is unlawful for any person who has 0.08[%] or more, by weight, of alcohol in his or her blood to drive a vehicle," and "it is a rebuttable presumption that the person had 0.08[%] or more" at the time of driving if he or she has 0.08[%] in his or her blood "at the time of the performance of a chemical test within three hours after the driving." *Id.*

¶6 Under both California and Utah law, it is unlawful to drive a vehicle with a blood alcohol content of 0.08% or more at the time of driving. However, there are two notable distinctions between the relevant code sections. First, in California, subsequent chemical testing does not conclusively establish that the defendant had a 0.08% blood alcohol concentration at the time of driving; it creates a rebuttable presumption of that fact, but only if it is performed within three hours of driving. *See id.* Under the Utah DUI statute, however, a DUI is conclusively proven if the defendant has sufficient alcohol in his or her body at the time he or she is in control of a vehicle such that a chemical test at any "subsequent" time reveals a blood alcohol content of 0.08%. *See* Utah Code Ann. § 41–6a–502(1)(a). Therefore, because of the indefinite time period for chemical testing and because a test result of 0.08% establishes per se a DUI offense, Utah provides for broader use of chemical testing in establishing a DUI offense than California's three-hour deadline for creating a rebuttable presumption of DUI.

¶7 Second, a person in Utah need only be in "actual physical control" of a vehicle to be subject to a DUI charge, whereas in California a person must be driving. *Compare* Utah Code Ann. § 41–6a–502(1) (Supp.2010) (providing that to be subject to a DUI charge, a person must be "operat[ing]" or be in actual physical control of a vehicle"), *and State v. Barnhart,* 850 P.2d 473, 477 (Utah Ct.App.1993) ("A person need not actually move, or attempt to move, a vehicle in order

**2.** In his brief, Rajo asserts that because all of the instances in which a person may be convicted of DUI in California are not also proscribed by Utah law, Rajo's previous convictions under subsection (b) should not be considered for enhance-

ment purposes. However, Rajo conceded at oral argument that only subsection (b) of the California DUI statute should be compared to the Utah DUI statute for enhancement purposes.

to have actual physical control; the person only needs to have the apparent ability to start and move the vehicle."), *with* Cal. Veh. Code § 23152(b) (West 2010) (making it unlawful for a person with a blood alcohol level of 0.08% or greater "to drive a vehicle"). Each of these distinctions establishes that the reach of the Utah DUI statute is greater than subsection (b) of the California DUI statute. Therefore, as the State correctly asserts, "some behavior that may constitute a DUI under [the Utah DUI] statute may not constitute a violation of [the California DUI statute, b]ut all violations of [subsection (b) of the California DUI statute] would constitute violations of [the Utah DUI statute]." [3]

¶ 8 Because Rajo's convictions under subsection (b) of the California DUI statute would "constitute a violation of [the Utah DUI statute]," *see* Utah Code Ann. § 41–6a–

501(2)(a)(viii), and because they occurred within ten years of the current charge, *see id.* § 41–6a–503, Rajo's Utah DUI conviction was properly enhanced to a third degree felony. Thus, the trial court was correct in denying Rajo's motion to dismiss his felony DUI classification.

¶ 9 Affirmed.

¶ 10 WE CONCUR: STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN, Judges.

---

**3.** Rajo cites *United States v. Thomas*, 367 F.3d 194 (4th Cir.2004), as support for his argument that his California convictions do not meet the requirements for enhancement in Utah. The *Thomas* court compared statutes similar to those at issue in this case and concluded that the foreign conviction was not sufficient for enhancement purposes. *See id.* at 198–99. However, in *Thomas*, the foreign statute under which the defendant was convicted was broader than the in-state DUI statute. *See id.* at 198. In this case, the Utah DUI statute is broader than the California DUI statute, thereby creating the inverse of the *Thomas* analysis.