**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-5335**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SHAWN MICHAEL CLARK,

Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:09-cr-00336-TDS-1)

─────────────

Submitted: July 19, 2011          Decided: August 9, 2011

─────────────

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

George E. Crump, III, Rockingham, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Michael Clark pleaded guilty, pursuant to a plea agreement, to three counts of sex trafficking into forced labor, in violation of 18 U.S.C.A. § 1590 (West Supp. 2011), and three counts of sex trafficking of a child, in violation of 18 U.S.C.A. § 1591 (West Supp. 2011). The district court sentenced Clark to 360 months' imprisonment.

Clark appealed, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to review whether Clark's sentence is reasonable. Clark has not filed a pro se supplemental brief, though informed of his right to do so. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. A sentence is reviewed for substantive

2

reasonableness by "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This court presumes that a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Counsel contends that the district court erred in enhancing Clark's Guidelines range by finding that Clark unduly influenced a minor to engage in prohibited sexual conduct. U.S. Sentencing Guidelines Manual § 2G1.3(b)(2)(B) (2010). Counsel argues that because the elements of sex trafficking of a child include the victim's status as a minor and that force or coercion is used, the enhancement constitutes impermissible double counting.

Counsel's claim of double counting involves a legal interpretation of the Guidelines that we review de novo. United States v. Schaal, 340 F.3d 196, 198 (4th Cir. 2003). Double counting occurs when a Guidelines provision is applied based on considerations that have already been accounted for by another provision or by statute. United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). "[T]here is a presumption that double counting is proper where not expressly prohibited by the

3

[G]uidelines." United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010). We conclude that this claim is without merit because sex trafficking of a child, 18 U.S.C. § 1591, does not include force or coercion as an element of the offense.

Counsel next contends that the district court should have imposed a variant sentence below the Guidelines range. He asserts that, based on the psychological evaluation submitted into evidence at sentencing, there were sufficient extenuating circumstances to support a variant sentence.

Clark has failed to rebut the presumption that his within-Guidelines sentence is reasonable. The district court explained at length its reasons for imposing the selected sentence. The court explicitly considered Clark's difficult childhood and resulting mental problems. However, the district court concluded that the justification for a variance on these grounds was undermined by Clark's status as the father of thirteen children who should have been aware of the serious harm he was causing, and by the fact that Clark made a living from his criminal conduct. Based on the totality of the circumstances, we conclude that Clark's within-Guidelines sentence was substantively reasonable.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Clark's conviction and

4

sentence. This court requires that counsel inform Clark, in writing, of the right to petition the Supreme Court of the United States for further review. If Clark requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clark.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED