**UNITED STATES of America,**

v.

**Booker T. VANDERHORST.**

No. 2:13–cr–00294–PMD.

United States District Court, D. South Carolina, Charleston Division.

Signed Jan. 31, 2014.

Nathan Stuart Williams, U.S. Attorney's Office, Charleston, SC, for United States of America.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the Court on Defendant Booker T. Vanderhorst's Motion to

Dismiss Counts 1 and 2 of the three-count Indictment filed on April 10, 2013. For the reasons set forth herein, Defendant's Motion to Dismiss is denied.

## BACKGROUND

Defendant was charged in a three-count Indictment filed on April 10, 2013. Count 1 of the Indictment charges that from approximately July 2012 to October 2012, in the District of South Carolina, Defendant was involved in the sex trafficking of a minor, hereinafter referred to as "M.M.," in violation of 18 U.S.C. § 1591(a). Count 2 of the Indictment charges that during the same time period Defendant used a telephone, as a facility in interstate or foreign commerce, in connection with the unlawful activity alleged in Count 1 in violation of 18 U.S.C. § 1952(a)(3). Finally, Count 3 of the Indictment charges that Defendant, having previously been convicted of a felony, unlawfully possessed a 9mm firearm on or about October 24, 2012.

Defendant filed a Motion to Dismiss Counts 1 and 2 of the Indictment raising a variety of objections to the sufficiency of the Indictment, the institution of the prosecution, the sufficiency of the evidence before the Grand Jury, and the elements, as well as the constitutionality, of the underlying offenses. The Motion was heard on January 6, 2014, and denied from the bench on the record. This Order elaborates on the prior ruling and is intended to formalize and fully state the Court's reasoning and conclusions in a *nunc pro tunc* fashion. This matter was scheduled to be tried before a jury beginning January 21, 2014.

## STANDARD OF REVIEW

■ A motion to dismiss an indictment tests whether the indictment sufficiently charges the offense the defendant is accused of committing. *United States v.*

*Brandon,* 150 F.Supp.2d 883, 884 (E.D.Va. 2001), *aff'd,* 298 F.3d 307 (4th Cir.2002); *see also United States v. Sampson,* 371 U.S. 75, 78–79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962) ("[A]t this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense."). Rule 7 of the Federal Rules of Criminal Procedure merely establishes that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R.Crim.P. 7(c)(1). "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *United States v. Williams,* 152 F.3d 294, 299 (4th Cir.1998) (citing *United States v. Sutton,* 961 F.2d 476, 479 (4th Cir.1992)). One of the principal purposes of a grand jury indictment is to notify the defendant of the charges against him so that he can prepare his defense accordingly. *Id.* (quoting *United States v. Fogel,* 901 F.2d 23, 25 (4th Cir.1990)).

■ The "longstanding rule of law that courts may not 'look behind' grand jury indictments if 'returned by a legally constituted and unbiased grand jury ...' is the touchstone for any inquiry into the legality of indictments." *United States v. Mills,* 995 F.2d 480, 487 (4th Cir.1993) (quoting *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). Such an indictment, "if valid on its face, is enough to call for trial of the charge on the merits." *Costello,* 350 U.S. at 363, 76 S.Ct. 406. This "presumption of regularity ... generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik,* 475 U.S. 66, 75, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (O'Connor, J., concurring); *see also United States v.*

*R. Enters., Inc.,* 498 U.S. 292, 300, 111 S.Ct. 722, 112 L.Ed.2d 795 (1991) ("[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority."). However, not every irregularity or deficiency in a grand jury proceeding necessitates dismissing an indictment. *United States v. Hefner*, 842 F.2d 731, 733 (4th Cir.1988) (citing *Mechanik*, 475 U.S. at 71–72, 106 S.Ct. 938). The court can exercise its supervisory authority over grand juries to dismiss an indictment for errors in the proceedings only where an irregularity actually prejudicing the defendant has been shown. *United States v. Brewer*, 1 F.3d 1430, 1433 (4th Cir.1993) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988)). "Where ... a grand jury irregularity isn't of constitutional dimension, prejudice justifying dismissal of an indictment exists only where (1) the irregularity substantially influences the decision to indict or (2) 'there is grave doubt that the decision to indict was free from the substantial influence of such [irregularities].'" *Id.* at 1433 (quoting *Bank of Nova Scotia*, 487 U.S. at 256, 108 S.Ct. 2369 (alteration in original)).

In reviewing a defendant's motion to dismiss alleging a defect in the indictment or in the grand jury process, the scope of the court's review is narrowly circumscribed and "geared only towards ensuring that legally deficient charges do not go to a jury." *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir.2011). "A district court may dismiss an indictment under Rule 12 'where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.'" *United States v. Engle*, 676 F.3d 405, 415 (4th Cir.2012) (quoting *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir.2010)), *cert. denied*, —— U.S. ——, 133 S.Ct. 179, 184 L.Ed.2d 90 (2012). Moreover, "a challenge to the sufficiency of the indictment ... is ordinarily limited to the allegations contained in the indictment." *Id.* Therefore, to warrant dismissal of an indictment, a defendant must demonstrate that the allegations contained in the indictment, even if true, fail to state an offense. *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir.2004); *see also Bergrin*, 650 F.3d at 268 (stating that the court's analysis "must be based on whether the facts alleged in the indictment, if accepted as entirely true, state the elements of an offense and could result in a guilty verdict." (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000))).

## DISCUSSION

### I. Motion to Dismiss Count 1 Based on Instructions

Defendant first moves, pursuant to Rule 12(b)(3)(A) and (B) of the Federal Rules of Criminal Procedure, to dismiss Count 1 of the Indictment based on a purported misstatement of the applicable law by the Government in advising and instructing the Grand Jury.[1] Count 1 of the Indict-

---

1. A motion to dismiss pursuant to Rule 12(b)(3)(A) of the Federal Rules of Criminal Procedure alleges "a defect in instituting the prosecution," Fed.R.Crim.P. 12(b)(3)(A), whereas a motion under Rule 12(b)(3)(B) alleges "a defect in the indictment." *Id.* R. 12(b)(3)(B). While the Government, in its Response, stated that it understood or construed Defendant's arguments as "legally constitut[ing] allegations of Grand Jury abuse and prosecutorial misconduct," Gov't's Resp. 2, counsel for Defendant stated at the January 6 hearing that Defendant did not intend to suggest or imply any such abuse or misconduct on the part of the Government but instead sought to challenge the Government's interpretation of a relatively new statute.

ment, in relevant part, charges that Defendant

knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, in and affecting interstate and foreign commerce, "M.M." a minor whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that "M.M." had not attained the age of 18 years and that "M.M." would be caused to engage in a commercial sex act; In violation of Title 18, United States Code, Section 1591(a).

Indictment 1. Defendant takes issue with this allegation and the corresponding instruction, asserting that the "reckless disregard" clause of § 1591(a) does not modify the "attained the age of 18 years" clause but instead modifies the "force, fraud, or coercion" clause.[2] Accordingly, Defendant contends that Count 1 charges Defendant with the commission of a crime that, in fact, does not exist, because the "reckless disregard" of the victim's age is not an element of the offense charged. In sum, Defendant asserts that, as a result of the alleged misstatements, "the Grand Jury returned an indictment based on an incorrect statement of the elements, and on a crime that does not exist," thereby necessitating dismissal of the Indictment. Def.'s Mot. Dismiss 4. Therefore, Defendant's first argument challenges Count 1 of the Indictment on two fronts: (1) the Government's instructions to the Grand Jury, and (2) the Indictment's failure to state an offense. The Court will address the challenges *seriatim*.

At the outset, it is important to reemphasize that a court "may not 'look behind' " an indictment that is returned by a legally constituted, unbiased grand jury and is valid on its face. *Mills*, 995 F.2d at 487 (quoting *Costello*, 350 U.S. at 363, 76 S.Ct. 406). Consequently, "[c]hallenges going only to the instructions given to the grand jury as to the elements of the offenses are not grounds for dismissal of an indictment that is valid on its face." *United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir.1986) (citing *United States v. Addington*, 471 F.2d 560, 568 (10th Cir.1973)). Notwithstanding this general rule, Defendant has failed to demonstrate that the alleged irregularities or deficiencies were actually prejudicial. *See Brewer*, 1 F.3d at 1433 (citing *Bank of Nova Scotia*, 487 U.S. at 254, 108 S.Ct. 2369). As discussed further below, a review of the record and the relevant case law does not reveal any clear error on the part of the Government in instructing the Grand Jury as to the elements of § 1591(a). Further, Defendant has not established that the Government's purported misstatements in instructing the Grand Jury either substantially influenced the decision to indict or cast serious doubt on whether the decision to indict was free from such influence. *Id.* (citing *Bank of Nova Scotia*, 487 U.S. at 254, 108 S.Ct. 2369); *see United States v. Mussmacher*, Crim. No. WDQ–09–0169, 2010 WL 2292214, at *6–7 (D.Md. June 3, 2010). As the Government notes in its Response, there was testimony before the Grand Jury that Defendant actually knew and was aware of M.M.'s minor status. Thus, Defendant has neither overcome the threshold "presumption of regularity" accorded the Grand Jury proceedings nor demonstrated that Defendant was actually prejudiced. *See Mechanik*, 475 U.S. at 75,

---

**2.** Defendant also briefly claims that the Government further misstated the applicable law by indicating that the statute covers "recklessly disregarding that they'll be caused to engage in a commercial sex act." Def.'s Mot.

Dismiss 4. This argument largely resembles Defendant's objections under section V of his Motion to Dismiss and will therefore be addressed *infra*.

106 S.Ct. 938 (O'Connor, J., concurring); *Brewer,* 1 F.3d at 1433. Accordingly, to the extent that Defendant seeks to dismiss Count 1 based on the Government's purported misstatements and incorrect instructions to the Grand Jury, Defendant's Motion to Dismiss is denied.

Defendant also seeks to dismiss Count 1 on the ground that it charges him with a crime that does not exist. The Court understands Defendant's argument in this regard as challenging the sufficiency of the indictment and moving to dismiss Count 1 for failure to state an offense. *Cf. United States v. Cook,* No. 10–00244–02–CR–W–DW, 2013 WL 3039631, at *2 (W.D.Mo. June 17, 2013). A district court may dismiss an indictment as insufficient only when the indictment itself fails to state an offense. *See Thomas,* 367 F.3d at 197. Because a challenge to the sufficiency of an indictment is limited to the allegations as set forth in the indictment, to warrant dismissal of an indictment, a defendant must demonstrate that the allegations contained in the indictment, assumed to be true, fail to state an offense. *Id.* Therefore, the Defendant is constrained in presenting his arguments and may not use this pretrial Motion to Dismiss as an attempt to try his case based on the Indictment.

Generally, an indictment will be deemed sufficient if the allegations closely follow the relevant statutory language. *See United States v. Brandon,* 298 F.3d 307, 310 (4th Cir.2002) (quoting *United States v. Wicks,* 187 F.3d 426, 427 (4th Cir.1999)). However, "the words used in the indictment [must] 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence.'" *Id.* (quoting *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). Simply reciting the generic statutory language in the indictment may nevertheless be insufficient. *See Brandon,* 298 F.3d at 310. When the statutory language is used to describe the offense in general terms, it "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id.* (quoting *Hamling,* 418 U.S. at 117–18, 94 S.Ct. 2887 (internal quotation marks omitted)). Accordingly, the indictment must also include a "statement of the *essential facts* constituting the offense charged." *Id.* (quoting Fed.R.Crim.P. 7(c)(1) (internal quotation marks omitted)). *But see United States v. Am. Waste Fibers Co.,* 809 F.2d 1044, 1047 (4th Cir.1987) (indicating that an indictment that does not allege specific acts in violation of the cited statutes may still be sufficient).

Again, Defendant asserts that, due to the Government's misstatement of the applicable law, the Grand Jury returned an indictment charging him with a crime that does not exist. Notably, Defendant does not argue that the Indictment fails to allege specific acts or essential facts in support of the offense, thereby depriving him of the requisite notice regarding the charge. Instead, Defendant maintains that the Indictment incorrectly indicates, or states, the elements of the offense charged. Thus, because Count 1 largely tracks the language in the statute, the exercise necessarily becomes one in statutory interpretation.

"The starting point for any issue of statutory interpretation is the language of the statute itself." *United States v. Weaver,* 659 F.3d 353, 357 (4th Cir. 2011). In beginning with the plain language of the statute, the court must determine whether its meaning may be ascertained based on the statutory language alone. *See Healthkeepers, Inc. v. Rich-*

*mond Ambulance Auth.*, 642 F.3d 466, 471 (4th Cir.2011) (citing *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002)). The court may, however, also consider the structure of the statute, "since 'statutory construction ... is a holistic endeavor.'" *Id.* (quoting *United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) (internal quotation marks omitted)). This interpretive analysis "includes employing various grammatical and structural canons of statutory interpretation which are helpful in guiding [the court's] reading of the text." *Id.; see also United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citing the grammatical structure of a statute in support of its interpretation). If the statute's language is unambiguous and its scheme both coherent and consistent, the court's inquiry must cease. *Schindler Elevator Corp. v. United States ex rel. Kirk,* —— U.S. ——, 131 S.Ct. 1885, 1893, 179 L.Ed.2d 825 (2011) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)).

Here, beginning with the statutory text, § 1591(a) provides as follows:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or in reckless disregard of the fact, *that* means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, *or that* the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a) (emphasis added). Defendant asserts that the "reckless disregard" clause modifies only the "force, fraud, or coercion" clause, "because it is set off by commas as a dependent clause, and appears before the 'or that the person has not attained the age of 18 years' clause." Mot. Dismiss 4. Accordingly, Defendant reads § 1591(a) as requiring, to support a conviction, knowledge of the victim's age.

██ While the "reckless disregard" clause is, indeed, set off by commas, the plain language and grammatical structure of the remainder of § 1591(a) do not support Defendant's argument. The parallel structure of the sentence—more precisely, the fact that "that" precedes both the "force, fraud, or coercion" clause and the "attained the age of 18 years" clause—indicates that the "reckless disregard" clause was intended to also modify the "attained the age of 18 years" clause. In essence, Defendant asks the Court to ignore the "or that" preceding the "attained the age of 18 years" clause. However, because courts "should strive to give effect to every word that Congress has used," *Healthkeepers, Inc.*, 642 F.3d at 471–72 (quoting *Clinchfield Coal Co. v. Harris*, 149 F.3d 307, 313 (4th Cir.1998) (internal

quotation marks omitted)), the Court declines to adopt an interpretation of § 1591(a) that would render these two words superfluous. Thus, the Court finds that although § 1591(a), specifically the "reckless disregard" clause, could have been drafted with greater precision, the statutory text is by no means ambiguous in this regard.

Moreover, Defendant has failed to cite any case law in support of his argument. While the Fourth Circuit has not provided any guidance on the subject, other circuits have read or interpreted the current version of the statute [3] as providing that criminal liability may be established by showing that the defendant either knew of or recklessly disregarded the victim's minor status. *E.g., United States v. Warren,* 491 Fed.Appx. 775, 778 (8th Cir.2012), *cert. denied,* —— U.S. ——, 133 S.Ct. 2747, 186 L.Ed.2d 202 (2013); *United States v. Robinson,* 702 F.3d 22, 34 (2d Cir.2012).[4] Accordingly, the Court finds that this reading of § 1591(a), which comports with and is supported by both the statutory structure and the rules of grammar, also represents the prevailing interpretation. Therefore, Defendant's Motion to Dismiss Count 1 of the Indictment for failure to state an of-

---

**3.** Although the Sixth Circuit, in *United States v. Daniels,* 653 F.3d 399 (6th Cir.2011), concluded that § 1591(a) "requires the government to prove knowledge of age," *id.* at 411, the Court was tasked with interpreting and applying the previous version of the statute, *see id.* at 405 n. 1. Similarly, the Eleventh Circuit, in *United States v. Evans,* 476 F.3d 1176 (11th Cir.2007), was interpreting the prior version when it explained that § 1591(a)(1) "imposes punishment on anyone who 'knowingly *in or affecting interstate or foreign commerce,* ... recruits, entices, harbors, transports, provides, or obtains by any means a person ... knowing ... that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.' " *Id.* at 1178 (quoting § 1591(a)(1)). Congress amended § 1591(a) in 2008, adding the "reckless disregard" clause. *See* William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub.L. No. 110–457, sec. 222, § 1591, 122 Stat. 5044, 5069; *see also* Lindsay Strauss, *Adult Domestic Trafficking and the William Wilberforce Trafficking Victims Protection Reauthorization Act,* 19 CORNELL J.L. & PUB. POL'Y 495, 526 (2010) ("The TVPRA of 2008, however, incorporates the Senate's 'reckless disregard' standard as to knowledge of a trafficking victim's age. ...").

**4.** Additionally, those district courts that have interpreted or otherwise referenced § 1591(a) have similarly read the statute as providing that criminal liability may be established by proving that the defendant either knew of or recklessly disregarded the victim's minor sta-

tus. *See, e.g., United States v. Fields,* 8:13–CR–198–T–30TGW, 2013 WL 5278499, at *1 (M.D.Fla. Sept. 18, 2013) (interpreting § 1591(a)(1) to "require[ ] the Government to prove the following: (1) the Defendant knowingly [recruited] [enticed] [harbored] [transported] [provided] [obtained] or [maintained] by any means [individual named in the indictment]; (2) that the Defendant did so knowing or in reckless disregard of the fact that [means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act] [the person had not attained the age of 18 years and would be caused to engage in a commercial sec act]; *and* (3) that the Defendant's acts were in or affected [interstate] [foreign] commerce." (alteration in original)); *Backpage.com, LLC v. Cooper,* 939 F.Supp.2d 805, 826 (M.D.Tenn. 2013) ("The federal law requires that a person benefited from participation in sex trafficking and that he *knew or recklessly disregarded* that the child trafficked was a minor and was 'caused to engage in a commercial sex act.' " (quoting § 1591(a))); *cf. United States v. Wilson,* 10–60102–CR–ZLOCH, 2010 WL 2991561, at *6 (S.D.Fla. July 27, 2010) (interpreting § 1591(a), in conjunction with subsection (c), to mean that the government must prove, among other things, "the defendant either actually knew that the person had not yet reached the age of majority, or the defendant recklessly disregarded the person's age and had a reasonable opportunity to observe the person"), *report and recommendation adopted,* 10–60102–CR, 2010 WL 3239211 (S.D.Fla. Aug. 16, 2010).

fense is denied.[5]

## II. Motion to Dismiss Count 2 Based on Instructions

Defendant similarly moves to dismiss Count 2 of the Indictment based on the Government's instructions. Count 2 alleges that Defendant violated 18 U.S.C. § 1952(a)(3) by using a telephone, as a facility in interstate or foreign commerce, with the intent to promote, manage, establish, or carry on, or facilitate doing so, the activity alleged in Count 1 of the Indictment. Defendant contends that because Count 2 incorporates and realleges the Government's misstated explanation of § 1591(a) from Count 1 in presenting the activity at issue in Count 2, Count 2 must also be dismissed. For the reasons set forth above in Part I with regard to Count 1 of the Indictment, Defendant's Motion to Dismiss Count 2 is denied.

## III. Motion to Dismiss Counts 1 and 2 Based on Other Instructions and Insufficient Evidence

Defendant also seeks to dismiss Counts 1 and 2 of the Indictment on the grounds that § 1591(a) requires the Government to allege that Defendant caused the minor to engage in a commercial sex act—as opposed to merely knowing that the minor was engaged in commercial sex acts—which Defendant claims the Government failed to do. Defendant maintains that the Government instead misstated the applicable law and instructed the Grand Jury that

the element to be established was that the "Defendant knew that the person was being caused to engage in commercial sex acts." Def.'s Mot. Dismiss 6 (citing Ex. C., at 13). Further, Defendant argues that the Government did not present any evidence to the Grand Jury that Defendant caused M.M. to engage in commercial sex acts. Defendant asserts that because M.M. engaged in commercial sex acts both prior to and following her relationship with Defendant, the Government could not and cannot determine whether Defendant, in fact, caused M.M. to engage in such acts. Accordingly, Defendant contends that the Government's misstatement of the applicable law and its failure to present any evidence pertaining to the knowledge or causation element require dismissal of Counts 1 and 2.

Defendant's arguments in this regard again relate to the elements of charged offenses as provided in the Government's instructions, as well as the nature or sufficiency of the evidence before the Grand Jury. As stated previously, challenges to grand jury instructions under these circumstances are not sufficient, without more, to warrant dismissal of an indictment. *See Buchanan*, 787 F.2d at 487 (citing *Addington*, 471 F.2d at 568). Nevertheless, while the Court need not reach the substance of Defendant's arguments as to his causal connection to the victim's engagement in commercial sex acts, to the extent that Defendant's objections in this

---

5. Also, as mentioned above, Defendant argues that the "reckless disregard" clause modifies the "force, fraud, or coercion" clause, and that the Government has not alleged that he committed a crime under the "force, fraud, or coercion" clause. Defendant is, indeed, correct in concluding that the Government has not alleged that he committed a crime under the "force, fraud, or coercion" clause, presumably "because sex trafficking of a child, 18 U.S.C. § 1591, does not include force or

coercion as an element of the offense." *United States v. Clark*, 442 Fed.Appx. 774, 775 (4th Cir.2011); *see also United States v. Todd*, 627 F.3d 329, 331 (9th Cir.2010) ("Subtitled 'Sex trafficking of children or by force, fraud, or coercion,' the law strikes at two particularly vicious permutations of commercialized sex: at the exploitation of minors in the business of selling sex and at the use of criminal means to produce the product being sold.").

regard represent a challenge to the sufficiency of the Indictment, as opposed to the evidence, the Court notes that those courts confronted with similar questions have rejected interpretations analogous to the one Defendant urges this Court to adopt. In *United States v. Brooks*, 610 F.3d 1186 (9th Cir.2010), the Ninth Circuit, in comparing § 2423(a) with § 1591(a), stated:

> Further, while § 2423(a) requires proof that the defendant *intended* that the victim engage in prostitution, such intent need not be proven for § 1591(a). Instead, § 1591(a) requires that the defendant *knew* that the victim would engage in a commercial sex act. Thus, for example, if a sex trafficker arranged for a minor victim to be transported to a pimp in another state, the trafficker might *know* that the victim would be caused to engage in a commercial sex act without actually having any specific intent that the victim do so. In that case, the sex trafficker could be convicted of violating § 1591(a), but not § 2423(a).

*Id.* at 1195. The Ninth Circuit also spoke to the issues of knowledge and causation in the context of § 1591(a) in *United States v. Todd*, 627 F.3d 329 (9th Cir.2010):

> What the statute means to describe, and does describe awkwardly, is a state of mind in which the knower is familiar with a pattern of conduct. If "to know" is taken in the sense of being sure of an established fact, no one "knows" his own or anyone else's future.... When an act of Congress requires knowledge of a future action, it does not require knowledge in the sense of certainty as to a future act. What the statute requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future cause a person to engage in prostitution.

*Id.* at 334; *see also Warren*, 491 Fed.Appx. at 778 ("A reasonable jury could have concluded [defendant] knew [victim] *ultimately would be caused* to engage in a commercial sex act ...." (emphasis added)), *cert. denied*, —— U.S. ——, 133 S.Ct. 2747, 186 L.Ed.2d 202 (2013).

More recently, the Eighth Circuit, in *United States v. Jungers*, 702 F.3d 1066 (8th Cir.2013), *cert. denied*, —— U.S. ——, 134 S.Ct. 167, 187 L.Ed.2d 115 (2013), rejected the argument that the statutory phrase "will be caused" serves "as evidence that § 1591 cannot apply to purchasers." *Id.* at 1073. The court explained that Congress's use of the future tense in no way precluded a purchaser from violating the statute prior to actually participating in a commercial sex act, because "[i]n many, if not all cases, the commercial sex act is still in the future at the time the purchaser entices, transports, obtains or otherwise traffics a child in violation of § 1591." *Id.* The court in *Jungers* also cited *Brooks* and *Todd* as support, noting that "the Ninth Circuit has held that a jury can find a violation of § 1591(a) even if the minor never engages in a commercial sex act." *Id.* at 1074 n. 7. Based on the foregoing, the Court finds that the elements of the charge as set forth in the Indictment, as well as the Government's instructions to the Grand Jury, were in accordance with both the statutory text of and congressional intent behind § 1951(a).

With regard to Defendant's claim that the Government did not present any evidence, or sufficient evidence, to the Grand Jury regarding Defendant having caused M.M. to engage in commercial sex acts, it is important to again note that challenges pertaining to the evidence before, or not before, grand juries are also generally disallowed. *See United States v. Muhammad*, Cr. No. 2:08–1237–PMD, 2011 WL 2847700, at *8 (D.S.C. Jul. 18, 2011) ("A

defendant must show more than just the omission of evidence during grand jury testimony to justify dismissal."); *see also Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956) ("An indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."). The Defendant is not permitted, at this preliminary stage, to try the merits of his case based on the allegations in the Indictment. To the extent Defendant does not ask the Court to "look behind" the Indictment but instead claims that it is facially defective because the Government could not and cannot determine or demonstrate that Defendant caused M.M. to engage in commercial sex acts, the Court notes that the Fourth Circuit rejected such a challenge in *United States v. Mills,* 995 F.2d at 487–88 (citing *Costello,* 350 U.S. at 364, 76 S.Ct. 406 (Burton, J., concurring)). Accordingly, Defendant's Motion to Dismiss Counts 1 and 2 on the aforementioned grounds is denied.

## IV. Motion to Dismiss Count 1 Because § 1591(c) Violates Due Process

Defendant next challenges Count 1 of the Indictment on the basis that § 1591(c) violates the Due Process Clause of the Fifth Amendment. Section 1591(c) provides that in a prosecution under § 1591 "in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported,

provided, or maintained, the government need not prove that the defendant knew that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c). Defendant contends that § 1591(c) operates as a legal presumption that serves to completely dispense with one of the elements of the offense, namely that the defendant knew that the person was a minor, and thus relieves the Government of its burden of proving the intent, or *mens rea,* requirement.

Here, the Government did not mention § 1591(c) in its instructions to the Grand Jury. Consequently, § 1591(c) is not referenced in the Indictment. Therefore, because the Court is limited to reviewing the allegations on the face of an indictment in considering a motion to dismiss, *see Engle,* 676 F.3d at 415, Defendant's Motion to Dismiss Count 1 based on the argument that § 1591(c) violates due process is denied.

## V. Interstate Commerce Challenge to Counts 1 and 2

Finally, Defendant moves to dismiss Counts 1 and 2 of the Indictment on the grounds that the statutes he is charged with violating are unconstitutional as applied, because his acts had no effect on interstate commerce.[6] Defendant contends that the only evidence of an "interstate" act, or acts, presented to the Grand Jury, and thus referenced in the Indictment, was the use of a telephone. Defendant maintains that since all calls were

---

6. As the Government notes in its Response, Defendant's arguments in this regard seemingly consist of both a "facial" and an "as-applied" constitutional challenge. While the Government's interpretation of Defendant's arguments as presenting both a facial and an as-applied challenge is persuasive, because the Supreme Court has expressed "a strong preference for avoiding facial challenges,"

*Richmond Med. Ctr. For Women v. Herring,* 570 F.3d 165, 173 (4th Cir.2009) (en banc) (citing *Washington State Grange,* 552 U.S. 442, 450–51, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008)), the Court sees no reason to construe Defendant's Motion to Dismiss as containing a challenge the Supreme Court so clearly disfavors.

made within the state of South Carolina, the Government has chosen to prosecute him for purely intrastate activities.

■ Again, the sufficiency of the evidence presented to the Grand Jury is not a matter appropriately raised at this juncture. *E.g., Muhammad,* 2011 WL 2847700, at *8. The Government may have additional evidence of the interstate nature of Defendant's activities that it intends to present at trial, and it has, in fact, indicated as much in its Response, noting that "advertisements for prostitution were place[d] on-line." Gov't's Resp. 1. Further, because the facts of Defendant's case have not been fully developed at this preliminary stage, the Court may not resolve Defendant's as-applied challenge to the statutes at issue. Unlike a facial challenge, "an as-applied challenge is 'based on a developed factual record and the application of a statute to a specific person[.]' " *Educ. Media Co. at Va. Tech, Inc. v. Insley,* 731 F.3d 291, 298 n. 5 (4th Cir.2013) (quoting *Herring,* 570 F.3d at 172). Therefore, "[i]n order to assess an as-applied challenge, the court must have 'substantial record evidence' with which to evaluate the claim." *United States v. Sherman,* 797 F.Supp.2d 709, 711 (W.D.Va. 2011) (quoting *H.B. Rowe Co. v. Tippett,* 615 F.3d 233, 243 (4th Cir.2010)). Without such a record, and the benefit of the evidence to be presented and the facts to be decided at the upcoming trial, Defendant's as-applied challenge is premature.

■ Notwithstanding the untimeliness of Defendant's constitutional challenge, the Court finds Defendant's arguments in this regard are without merit. As the Supreme Court stated in *Gonzales v. Raich,* 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005), "when a general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances arising under that statute is of no consequence." *Id.* at 17, 125 S.Ct. 2195 (quoting *United States v. Lopez,* 514 U.S. 549, 558, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995)) (internal quotation marks omitted). Defendant's alleged acts, even if largely intrastate and *de minimis* in terms of their contacts with interstate commerce, fall within a regulated realm of activities. *See Evans,* 476 F.3d at 1179–80 (holding that *Raich* and circuit precedent foreclosed defendant's as-applied challenge to § 1591(a) and § 2422(b) where defendant's interstate activity largely consisted of the use of hotels that served interstate travelers, the distribution of condoms that moved in interstate commerce, and the use of telephones). Accordingly, the Court finds that Defendant's as-applied constitutional challenge to the statutes fails as a matter of law.

### CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Defendant's Motion to Dismiss Counts 1 and 2 of the three-count Indictment is **DENIED.**

**AND IT IS SO ORDERED.**